IN THE COURT OF CRIMINAL APPEALS

AT KNOXVILLE

APRIL 1997 SESSION

FILED

July 29, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. No. 03C01-9604-CC-00171 |
| Appellee, | ) | |
| | ) | SULLIVAN COUNTY |
| vs. | ) | |
| | ) | **HON. R. JERRY BECK, JUDGE** |
| RICKY DEAN COLE, | ) | |
| | ) | (DUI, Possession of Marijuana and |
| Appellant. | ) | Drug Paraphernalia) |

FOR THE APPELLANT:

**STEPHEN WALLACE (trial and appeal)**
District Public Defender
P. O. Box 839
Blountville, TN 37517

**RANDALL E. REAGAN (appeal only)**
602 Gay Street, Suite 905
Knoxville, TN 37209

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General and Reporter

**SARAH M. BRANCH**
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

**H. GREELEY WELLS, JR.**
District Attorney General

**PHYLLIS H. MILLER**
Assistant District Attorney General
P. O. Box 526
Blountville, TN 37617-0526

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,
JUDGE**

**O P I N I O N**

Defendant, Ricky Dean Cole, was convicted by jury verdict of the offenses of driving under the influence of an intoxicant, fourth offense; simple possession of marijuana; and possession of drug paraphernalia. He was sentenced to eleven (11) months and twenty-nine (29) days for each of the three offenses with two of the sentences running concurrently and the other consecutively. Defendant raises the following issues in his appeal:

> (1) whether the evidence was sufficient to sustain the convictions;
>
> (2) whether prejudicial error resulted when a toxicology request form containing a reference to prior convictions was passed to the jury; and
>
> (3) whether the trial court erred in imposing consecutive sentences.

We AFFIRM the judgment of the trial court.

## FACTS

### A. State's Proof

Defendant resided in a room at the Model City Motel in Kingsport. On the evening of December 31, 1993, he had a New Year's Eve party and became heavily intoxicated. At approximately 10:00 p.m. the defendant was observed entering and driving an automobile which hit another automobile in the parking lot. Realizing that he had struck the car of fellow occupants in the motel, he went to their room and advised them that he had hit their vehicle. The police were summoned, much to the chagrin of the defendant.

Defendant also advised other persons, including a police officer, that he was responsible for the accident. Since defendant's girlfriend had already driven the car away by the time the police arrived, the officer questioned the defendant about his girlfriend. The defendant stated he did not know his girlfriend's name.

By all accounts, defendant was, in the words of the late Chief Justice Joe Henry, "drunk - openly, visibly, notoriously, gloriously and uproariously drunk."[1] He

---

[1] Metro. Government of Nashville & Davidson County v. Martin, 584 S.W.2d 643, 646 (Tenn.1979). Defendant had purchased five (5) half gallons of vodka "to start with" and when

failed all field sobriety tests, and his blood alcohol level was tested to be .18%. Since the inebriated defendant was barefooted and shirtless on this "icy cold" New Year's Eve night, the arresting officer allowed him to put on some clothes prior to being taken to the police station. A subsequent search of the defendant yielded a bag of marijuana and a small set of scales in the defendant's coat pocket. The defendant had been seen wearing this jacket on prior occasions.

## B. Defense Proof

Defendant testified in his defense. He admitted to being "heavily intoxicated." As was the custom when he got drunk, he and his girlfriend got into a fight since "she don't like me [drunk]." The defendant described his girlfriend as "six one" weighing "three, twenty-five," which was "a bunch" more than defendant weighed.[2] This was no ordinary fight but a "bad one, knock down, drag out" in which "[s]he liked to beat me to death, blackened both of my eyes." According to the defendant, "[my girlfriend] run to her car and jumped in" the 1973 Omni locking the doors. Overmatched yet undaunted, the fearless, fiery, forceful defendant gave chase to his fleeing girlfriend, much to the amazement and amusement of his fellow party-goers in attendance at this "major wild party."[3] It was at this point, according to the defendant's testimony, that his girlfriend endeavored to drive away in great haste and backed into the other automobile. Defendant denied driving the automobile.

The defendant further denied telling anyone that he had driven the automobile. He admitted telling the officer that he did not know his girlfriend's name. However, he testified that she had three (3) names, and he did not know which was her true name. While they were dating, she used a different name than when they were living together.[4] As to the coat, the defendant explained that the party-goers had piled their coats in the room, and he simply grabbed one of them. This was not his coat, and he

---

asked whether he drank "a bunch of that yourself," defendant replied, "I tried."

[2] According to the pre-sentence report, defendant weighed 160 pounds, less than one-half his girlfriend's weight.

[3] None of the party-goers testified. In explaining their failure to testify, defendant testified that "everybody that he knowed" was either out-of-state or in jail.

[4] At the time they were dating, defendant did not know she was married.

3

was unaware that the coat contained the marijuana and scales.

The only other defense witness was defendant's mother who testified in surrebuttal. She testified that the jacket worn by defendant upon release from the jail did not fit him and was not the same jacket she had purchased for him earlier.

## C. Jury Verdict

The jury convicted the defendant of driving under the influence of an intoxicant, simple possession of marijuana and possession of drug paraphernalia. The trial then went into the second phase in which the state introduced proof of three prior DUI convictions. The jury then found defendant guilty of DUI, fourth offense.

## D. Sufficiency of the Evidence

In determining the sufficiency of the evidence, this Court does not reweigh or re-evaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). A jury verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). On appeal, the state is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences which may be drawn therefrom. Id. This Court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the defendant demonstrates that the facts contained in the record and the inferences which may be drawn therefrom are insufficient, as a matter of law, for a rational trier of fact to find the accused guilty beyond a reasonable doubt. State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996). Accordingly, it is the appellate court's duty to affirm the conviction if the evidence, viewed under these standards, was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 317, 99 S.Ct. 2781, 2789 61 L.Ed.2d 560 (1979); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994).

This case clearly turned on the credibility of the witnesses. The jury accredited the state's proof and rejected the version given by the defendant. The evidence clearly supported the jury's guilty verdict of driving under the influence of an intoxicant, simple possession of marijuana and possession of drug paraphernalia. This issue is without

merit.

## TOXICOLOGY REQUEST

During the testimony of the police officer, the "alcohol/toxicology request" form was marked for identification. The officer read to the jury from this form. Under type of offense, the officer simply stated "DUI." In fact, the form read "DUI 6th."

During the testimony of the forensic scientist who had tested defendant's blood sample, the state requested that the laboratory report be passed to the jury. Instead, the "alcohol/toxicology request" was inadvertently passed to the jury. This inadvertent error was not discovered until the request form had been passed to some of the jurors.

Counsel then suggested to the court that this exhibit had been marked for identification only and should not be passed to the jury. The trial judge was of the opinion it was a "full exhibit." The judge further determined it was too late to do anything since the document had already been passed to the jury. At no time did counsel point out to the court or jury that the document contained the words "DUI 6th." Furthermore, there was no mention made by counsel, the court, nor any witness during the guilty phase of the trial as to any prior convictions.

We first note that this issue was not raised in the motion for new trial. Only the sufficiency of the evidence was raised in the motion. Accordingly, this issue is waived. Tenn. R. App. P. 3(e); State v. Seaton, 914 S.W.2d 129 (Tenn. Crim. App. 1995).

We further conclude, in light of the facts and circumstances, that this inadvertent error was harmless. Tenn. R. App. P. 36(b). The officer's reading from the form simply stated that the type offense was "DUI." There was no mention made during the guilt phase of trial of any prior convictions. In light of the evidence against the defendant, defendant did not suffer any prejudice. This issue is without merit.

## CONSECUTIVE SENTENCING

Defendant was sentenced to eleven (11) months and twenty-nine (29) days on

each of the three offenses with two (2) of the sentences running concurrently and one (1) running consecutively. Defendant contends there is no basis for consecutive sentencing.

Defendant had numerous convictions not only prior to commission of the present offense, but also several convictions thereafter. He had alcohol and drug related offenses and had numerous traffic offenses, including driving on a revoked license. He was on probation at the time this offense was committed. Pursuant to Tenn. Code Ann. § 40-35-115(b)(2), (4) and (6) the trial court in imposing consecutive sentences found the following:

> (1) the defendant had an extensive record of criminal activity;
>
> (2) the defendant was a dangerous offender; and
>
> (3) the defendant committed the present offense while on probation.

This Court's review of the sentences imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). The evidence clearly supports the trial judge's rationale for consecutive sentencing. Furthermore, the terms imposed by the trial judge are reasonably related to the severity of the offenses and are necessary to protect the public from further criminal acts by the offender. State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995). Although the trial court did not make the findings required by Wilkerson, we find that these factors are present under our power of *de novo* review. State v. Adams, 859 S.W.2d 359 (Tenn. Crim. App. 1993); State v. Edward Thompson, C.C.A. No. 03C01-9503-CR-00060, Cocke County (Tenn. Crim. App. filed December 12, 1996, at Knoxville). Consecutive sentencing is appropriate. This issue is without merit.

For the above reasons the judgment of the trial court is AFFIRMED.

_____
JOE G. RILEY, JUDGE

CONCUR:

_____

6

JERRY L. SMITH, JUDGE


_____
CHRIS CRAFT, SPECIAL JUDGE