# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs October 17, 2000

## STATE OF TENNESSEE v. RANDY LEE BOWERS

**Direct Appeal from the Criminal Court for Sullivan County**
**No. S41,828     R. Jerry Beck, Judge**

---

**No. E2000-00585-CCA-R3-CD**
**January 9, 2001**

---

After entering guilty pleas to possession of a Schedule VI controlled substance (marijuana); driving under the influence, third offense; and driving while his license was revoked, after a second or subsequent conviction for driving under the influence, the Criminal Court for Sullivan County conducted a sentencing hearing and then sentenced the defendant. The defendant contends that the trial court erred in ordering consecutive sentences and in failing to place him on probation after the service of the minimum sentence of one hundred-twenty days for DUI third offense. After careful review, we interpret the defendant's sentence to be three hundred-eighteen (318) days of full incarceration followed by four hundred fifty-five (455) days on supervised probation. Further, we affirm the denial of alternative sentencing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES, J., and WILLIAM B. ACREE, JR., SP.J. , joined.

Joseph F. Harrison, Assistant Public Defender, for the appellant, Randy Lee Bowers.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Joseph E. Perrin, Assistant District Attorney, for the appellee, State of Tennessee.

## OPINION

The defendant, Randy Lee Bowers, entered guilty pleas, without a recommendation from the State, to the following Class A misdemeanors:

(1) driving under the influence (DUI), third offense, Tenn. Code Ann. § 55-10-401;

(2) driving while his license was revoked after a second or subsequent DUI, Tenn. Code Ann. § 55-50-504; and

(3) possession of a Schedule VI controlled substance (marijuana), Tenn. Code Ann. § 39-17-418.

At the conclusion of the sentencing hearing, the Sullivan County Criminal Court sentenced the defendant. In reviewing the entire appellate record and trial court's sentence, we discovered several discrepancies between the judgment forms and the trial court's order from the bench. We find it necessary in our review to interpret and clarify the trial court's sentence by examining the judgment forms in conjunction with the trial court's order from the bench. After examination of the record, we conclude that the defendant received the following sentence:

(1) for the DUI third offense, eleven months and twenty-nine days[1] (364 days) to serve seventy-five percent (75 % of 364 days = 273 days), of which one hundred-twenty days is the minimum sentence;

(2) for the driving on a revoked license after a second or subsequent DUI, the minimum sentence of forty-five (45) days, consecutive to (1); and

(3) for the possession of a Schedule VI controlled substance, eleven months and twenty-nine days on supervised probation, consecutive to (1) and (2)

The defendant's appeal is properly before this Court and he contends the trial court erred in ordering the sentences to run consecutive and denying him an alternative sentence, specifically probation, after serving one hundred-twenty (120) days mandatory time for the DUI third offense and forty-five (45) days mandatory time for the driving on a revoked license after a second or subsequent DUI.

## ANALYSIS

### Length of Sentence

The defendant contends that the trial court's sentence for DUI third offense was excessive. As we read the defendant's brief, he complains of the seventy-five percent incarceration on his sentence for DUI third offense. The DUI penalty statute mandates a maximum sentence for a DUI conviction with the only function of the trial court being to determine what period above the minimum period of incarceration established by statute, if any, is to be suspended. See Troutman, 979 S.W.2d at 273-74; State v. Combs, 945 S.W.2d 770 (Tenn. Crim. App. 1996), perm. to appeal denied, (Tenn. 1997).

---

[1] Convictions for DUI third provide for a sentence of confinement "not less than one hundred (120) days nor more than eleven (11) months and twenty-nine (29) days." Tenn. Code Ann § 55-10-403(a)(1). The DUI penalty statute further provides that "[a]ll persons sentenced under subsection (a) shall, in addition to service of at least the minimum sentence, be required to serve the difference between the time actually served and the maximum sentence on probation." Tenn. Code Ann. § 55-10-403(c). Therefore, the length of a defendant's sentence for DUI third offense is set at eleven (11) months and twenty-nine (29) days. See State v. Troutman, 979 S.W.2d 271, 373, (Tenn. 1998)

While otherwise entitled to the same considerations under the Sentencing Reform Act, unlike a felon, a misdemeanant is not entitled to the presumption of a minimum sentence.  See State v. Seaton, 914 S.W.2d 129, 133 (Tenn. Crim. App. 1995). In the instant case, the defendant must receive a sentence of eleven (11) months and twenty-nine (29) days with one hundred twenty (120) days of continuous confinement.  See Troutman, 979 S.W.2d at 273; see also supra, at fn. 1.  The trial court, in its order from the bench, ordered the defendant's sentence to be at seventy-five (75) percent.  Although there is some confusion as to exactly what sentence the trial court intended, in our view, the trial court sentenced the defendant to serve seventy-five (75) percent of his eleven (11) months and twenty-nine (29) days in confinement, which is two hundred seventy-three (273) days. This sentence is one hundred fifty-three (153) days over the minimum sentence of one hundred twenty (120) days.

In determining if incarceration is appropriate, a trial court considers: (1) the need to protect society by restraining a defendant having a long history of criminal conduct; (2) the need to avoid depreciating the seriousness of the offense; (3) whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses; and (4) whether less restrictive measures have often or recently been unsuccessfully applied to the defendant.  Tenn. Code Ann.§ 40-35-103(1); see also Ashby, 823 S.W.2d at 169; State v. Grigsby, 957 S.W.2d 541, 545 (Tenn. Crim. App. 1997); State v. Millsaps, 920 S.W.2d 267, 270 (Tenn. Crim. App. 1995).

After reviewing the record, we find that the trial court considered the sentencing principles and all relevant facts and circumstances, and as such, this Court's review is de novo with a presumption of correctness.  See Tenn. Code Ann. § 40-35-401(d); Poole, 945 S.W.2d at 96; Ashby, 823 S.W.2d at 169.  In sentencing the defendant, the trial court placed great emphasis on the defendant's prior record as set out in the presentence report.  The court noted that the defendant had at least six (6) prior DUI convictions and numerous other misdemeanor convictions involving alcohol and marijuana.  These convictions were the basis of the trial court's decision to increase the defendant's incarceration above the one hundred twenty (120) day minimum.  The trial court also stated in its findings that the defendant "presents a threat to the community."

Based upon the defendant's prior record, the trial court denied full probation to the defendant after service of the statutory minimum incarceration of one hundred twenty (120) days for the DUI third offense.  After review, we hold that the trial court did not act arbitrarily in requiring the defendant to serve seventy-five percent (75%) of his eleven (11) month and twenty-nine (29) day sentence in confinement.

Next, we look at the forty-five (45) day sentence, consecutive to the DUI third, for driving on a revoked license after a second or subsequent DUI offense.  Tennessee Code Annotated section 55-50-504 requires that a defendant convicted of driving on a revoked license after a second or subsequent DUI receive a period of "confinement for not less than forty-five days." The trial court simply invoked the mandatory minimum for this offense and, therefore, did not err.

**Consecutive Sentences**

-3-

The defendant does not contest the eleven (11) months and twenty-nine (29) day sentence he received for possession of a Schedule VI controlled substance. The defendant does, however, contest the trial court's order of consecutive sentences for the three offenses. We note that the trial court placed great emphasis on the defendant's extensive criminal history and found that the defendant "presents a threat to the community." In reviewing the record, the record clearly supports the trial court's imposition of consecutive sentencing.

## CONCLUSION

We conclude that the defendant received the following sentence: (1) eleven (11) months and twenty-nine (29) days for the DUI third, to serve two hundred seventy-three (273) days in confinement and the remaining ninety-one (91) days on probation; (2) forty-five (45) days incarceration for the driving on revoked; and (3) eleven (11) months and twenty-nine (29) days probation for the possession of marijuana, which is essentially three hundred sixty-four (364) days. Each of these sentences are to be served consecutive to each other. Therefore, the defendant must serve three hundred-eighteen (318) days in confinement, and the remaining four hundred fifty-five (455) days on probation, for a total effective sentence of seven hundred seventy-three (773) days. Furthermore, the defendant has not met his burden of showing the impropriety of the sentences. The judgment of the trial court is therefore affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE