IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 14, 2003

## STATE OF TENNESSEE v. LEONARD H. STEELE

**Direct Appeal from the Circuit Court for Franklin County**
**No. 13901     J. Curtis Smith, Judge**

_____

**No. M2002-01691-CCA-R3-CD - Filed July 18, 2003**

_____

The defendant, Leonard H. Steele, pled guilty to driving on a revoked license, third offense, and was sentenced to eleven months and twenty-nine days, suspended except for six months in the county jail, with the balance to be served on supervised probation. On appeal, he argues that the trial court erred by denying him jail credit for time he served in 1998 as a motor vehicle habitual offender (MVHO) in an unrelated case, even though, unknown to him, his MVHO status had been withdrawn in 1997. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID H. WELLES, JJ., joined.

Philip A. Condra, District Public Defender; and David O. McGovern, Assistant District Public Defender, for the appellant, Leonard H. Steele.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; James Michael Taylor, District Attorney General; and Steven M. Blount, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The defendant was indicted in May 2001 on three counts arising out of a January 2001 traffic stop: (1) driving as a motor vehicle habitual offender in violation of Tennessee Code Annotated section 55-10-616; (2) driving on a revoked license; and (3) driving on a revoked license, third offense. After the defendant's February 11, 2002, trial had begun, it was discovered that his MVHO status, imposed in November 1993, had been withdrawn in January 1997. As a result, the MVHO count was dismissed and the defendant then pled guilty to driving on a revoked license, third offense.

# ANALYSIS

On appeal, the defendant presents, as his sole issue, that the trial court erred in denying his request that the one-year MVHO sentence he served in 1998 be applied as a sentence credit towards the six months incarceration ordered as a result of his conviction for driving on a revoked license, third offense, which is the basis for the present appeal. He argues that the trial court, in determining the period which he was to serve in jail for his latest conviction, should have considered, as a mitigating factor pursuant to Tennessee Code Annotated section 40-35-113(13), "[a]ny other factor consistent with the purposes of this chapter," the fact of the 1998 incarceration for a MVHO violation even though that status earlier had been removed.

Misdemeanor sentencing is controlled by Tennessee Code Annotated section 40-35-302. This court's review of a misdemeanor sentence is *de novo* with a presumption of correctness. State v. Troutman, 979 S.W.2d 271 (Tenn. 1998). Although the Sentencing Reform Act typically treats misdemeanants and felons the same, misdemeanants are not given the presumption of a minimum sentence. See State v. Seaton, 914 S.W.2d 129, 133 (Tenn. Crim. App. 1995). Our supreme court outlined the procedures for misdemeanor sentencing in Troutman, 979 S.W.2d at 273-74:

> The sentencing considerations generally used in determining the manner of service for both misdemeanors and felony sentences are codified at Tenn. Code Ann. §§ 40-35-102, -103. See Tenn. Code Ann. § 40-35-102 (noting considerations used in determining whether confinement shall be imposed); Tenn. Code Ann. § 40-35-103 (setting forth considerations to be used when imposing sentence of confinement). In addition to the statutory considerations for issuing sentences of confinement, the misdemeanor sentencing statute merely requires a trial judge to consider enhancement and mitigating factors when calculating the percentage of a misdemeanor sentence to be served in confinement. Compare Tenn. Code Ann. § 40-35-302 ("to consider the purpose of this chapter, the principles of sentencing, and the enhancement and mitigating factors set forth herein") with Tenn. Code Ann. § 40-35-210(f) (stating court shall place on record either orally or in writing what enhancement or mitigating factors it found).

Although a separate sentencing hearing is not required in misdemeanor sentencing, the trial court must "allow the parties a reasonable opportunity to be heard on the question of the length of any sentence and the manner in which the sentence is to be served." Tenn. Code Ann. § 40-35-302(a) (1997). A misdemeanor sentence, unlike a felony sentence, has no sentence range. State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997). Since trial judges are able to assess the credibility of a defendant firsthand, they must be given considerable discretion in determining the proper sentence for a misdemeanor offense.

A trial court has great flexibility in fashioning a misdemeanor sentence. A trial court may place a defendant on probation after a term of continuous confinement, after a term of periodic confinement, or immediately after sentencing. Tenn. Code Ann. § 40-35-302(e) (1997). Tennessee Code Annotated section 40-35-103(1) governs whether a trial court should impose a sentence of confinement:

> Sentences involving confinement should be based on the following considerations:
>
> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently have been applied unsuccessfully to the defendant[.]

Tenn. Code Ann. § 40-35-103(1) (1997).

At the April 29, 2002, sentencing hearing, the court sentenced the defendant to eleven months and twenty-nine days, suspended except for six months to be served in the county jail and the balance to be served on supervised probation, relying upon his lengthy criminal record. The trial court stated:

> I believe that I do have to consider strongly his previous record where there's three felonies or four felonies. He has numerous felonies, 10 misdemeanor convictions. All of this is in about a 10 to 12 year period, maybe going back to 1989, 12 or 13 years, and they're pretty continuous throughout. He has a couple of convictions for theft back in the mid '90's, and certainly those go to his credibility. I would like to believe what he says and I feel sorry for his wife and child, maybe he's turned over a new leaf, I don't know. I just can't put much stock in it because of the kind of record he has. So he has to live now today with what he did in the past, he has to suffer because of that.

According to the presentence report, the defendant has the following prior convictions: 1990, reckless driving; 1991, driving on a revoked license (two convictions); 1992, assault of a police officer, public intoxication; 1993, simple possession, theft of property $1,000 to $10,000; 1995, theft up to $500; 1996, public intoxication, sexual battery, vandalism $500-$1,000; and 1997, public intoxication. The defendant was placed on two years felony probation in 1993, as a result of the theft

conviction, and successfully completed it. He was placed in community corrections in 1996, because of the vandalism and sexual battery convictions, from which he absconded, resulting in the community corrections sentence being revoked in 1998.

The defendant does not contest the sentence imposed by the trial court for the driving on a revoked license, third offense, conviction, but contends that, as an equitable matter, the trial court should have given him credit for the period he was confined in 1998 because of a MVHO conviction even though, unknown to him, that status earlier had been removed. As for presentence credits, Tennessee Code Annotated section 40-23-101(c) provides that a defendant is entitled to receive credit towards his ultimate sentence of time spent in jail awaiting disposition:

> The trial court shall, at the time the sentence is imposed and the defendant is committed to jail, the workhouse or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending arraignment and trial. The defendant shall also receive credit on the sentence for the time served in the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which the defendant was tried.

This language does not authorize, however, the trial court's awarding credit for a period during which the defendant was incarcerated for a prior offense. Accordingly, we cannot conclude that the trial court erred in refusing to apply a sentence credit when there was no requirement that the court do so. We note that, although the trial court imposed a sentence of eleven months, twenty-nine days for the driving on a revoked license, third offense, conviction, only six months of the sentence was to be served in jail, with the balance suspended. It is apparent from the trial court's comments at the sentencing hearing that the court believed that the defendant should be incarcerated for a portion of his sentence. The record supports this conclusion.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE