IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 2, 2008

**STATE OF TENNESSEE v. GREGORY A. FRYE**

**Direct Appeal from the Circuit Court for Madison County**
**No. 08-94     Roger A. Page, Judge**

_____

**No. W2008-00762-CCA-R3-CD  - Filed March 27, 2009**

_____

The Defendant-Appellant, Gregory A. Frye ("Frye"), pled guilty in the Madison County Circuit Court to driving under the influence ("DUI"), third offense, and was sentenced to eleven months, twenty-nine days in confinement. The sole issue presented for our review is whether the trial court erred in ordering Frye to serve his sentence consecutively to unrelated convictions for which he was currently serving a sentence.  Following our review of the record and the applicable authorities, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court of Appeals**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J.C. MCLIN, JJ., joined.

Paul Edward Meyers, II, Assistant Public Defender, Jackson, Tennessee, for the defendant-appellant, Gregory A. Frye.

Robert E. Cooper, Jr., Attorney General and Reporter; Elizabeth D. Marney, Assistant Attorney General; James G. Woodall, District Attorney General; and Anna Cash, Assistant District Attorney General, for the appellee, State of Tennessee.


**OPINION**

        <u>Facts</u>.  On March 19, 2008, Frye pled guilty to DUI, third offense.  At his sentencing hearing, Frye admitted that he had previously been convicted of three felony convictions for possession of cocaine with the intent to sell, three felony convictions for burglary, and two felony convictions for theft of property valued at $1000 or more but less than $10,000.  He also admitted to several misdemeanor convictions including domestic assault, DUI, driving on a revoked license, simple possession of marijuana, assault and battery, and evading arrest.  At the conclusion of the hearing, the trial court imposed a term of eleven months, twenty-nine days in confinement.  The trial court further ordered Frye to serve his sentence consecutively to sentences Frye was currently serving for convictions from Madison County Circuit Court and Medina Municipal Court.  On April 2, 2008, Frye filed a timely notice of appeal.

## ANALYSIS

**Sentencing.** On appeal, we must review issues regarding the length and manner of service of a sentence de novo with a presumption that the trial court's determinations are correct. T.C.A. § 40-35-401(d) (2006). Nevertheless, "the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Our review is de novo, without a presumption of correctness, if the trial court failed to follow the principles of the Sentencing Act. State v. Carter, 254 S.W.3d 335, 345 (Tenn. 2008). Furthermore, the defendant has the burden of showing the impropriety of the sentence. T.C.A. § 40-35-401(d) (2006), Sentencing Commission Comments.

A person convicted of a misdemeanor is not entitled to the presumption of a minimum sentence. See State v. Seaton, 914 S.W.2d 129, 133 (Tenn. Crim. App. 1995) (citation omitted). Additionally, "in misdemeanor cases, the trial judge, who is able to observe first hand the demeanor and responses of the defendant while testifying, must be granted discretion in arriving at the appropriate sentence." State v. Lewis Edward Allen, No. M1998-00213-CCA-R3-CD, 2000 WL 641150 at *2 , (Tenn. Crim. App., at Nashville, May 19, 2000).

A defendant convicted of DUI, third offense, shall be confined in the county jail "for not less than one hundred twenty (120) days nor more than eleven (11) months and twenty-nine (29) days[.]" T. C. A. § 55-10-403(a)(1)(A) (Supp. 2007). Furthermore, "all persons sentenced under subsection (a) shall, in addition to service of at least the minimum sentence, be required to serve the difference between the time actually served and the maximum sentence on probation." T. C. A. § 55-10-403(c) (Supp. 2007). Thus, the length of a defendant's sentence for a DUI conviction is eleven months, twenty nine days. See generally State v. Troutman, 979 S.W.2d 271, 273 (Tenn. 1998). In effect, the DUI statute mandates a maximum sentence for a DUI conviction with the only function of the trial court being to determine what period above the minimum period of incarceration established by statute, if any, is to be suspended. See Troutman, 979 S.W.2d at 273; State v. Combs, 945 S.W.2d 770, 774 (Tenn. Crim. App. 1996), perm. to appeal denied (Tenn.1997).

Tennessee Code Annotated section 40-35-115 provides the criteria for imposing a consecutive sentence. If the trial court finds that one or more of the statutory criteria exists, the trial court has discretion to order consecutive sentencing. State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1999). One criterion is that "[t]he defendant is an offender whose record of criminal activity is extensive." T.C.A § 40-35-115(b)(2) (2006). "Extensive criminal history alone will support consecutive sentencing." State v. Adams, 973 S.W.2d 224, 231 (Tenn. Crim. App. 1997).

Here, Frye acknowledges the trial court's use of his extensive criminal record as a proper statutory basis for consecutive sentencing. See T.C.A. § 40-35-115(b)(2) (2006). Nevertheless, Frye argues that the "aggregate maximum consecutive terms should be reasonably related to the severity of the various offenses involved." However, such a finding is only necessary where the defendant is adjudicated as a "dangerous offender" under Tennessee Code Annotated section 40-35-114(b)(4). State v. Lane, 3 S.W.3d 456, 460 (Tenn. 1999). Here, the record shows the trial court imposed consecutive sentencing based on Frye's extensive criminal history. The trial court additionally noted

that Frye "had convictions for DUI since the [instant] offense date." Accordingly, the trial court properly imposed consecutive sentencing and Frye is not entitled to relief.

## **CONCLUSION**

Based on the foregoing authority and analysis, the trial court properly imposed consecutive sentencing. Accordingly, the judgment of the trial court is affirmed.

_____
CAMILLE R. McMULLEN, JUDGE