# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## MAY 1998 SESSION

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 02C01-9708-CC-00295 |
| Appellee, | ) |
| | ) Henry County |
| V. | ) |
| | ) Honorable Julian P. Guinn, Judge |
| | ) |
| **TIMOTHY TODD WEBB,** | ) (Sentencing - Third Offense DUI) |
| | ) |
| Appellant. | ) |

FOR THE APPELLANT:

Vicki H. Hoover
Ainley & Hoover Law Offices
123 N. Poplar Street, Suite A
Paris, TN 38242

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Marvin E. Clements, Jr.
Assistant Attorney General
Cordell Hull Bldg., 2d Floor
425 Fifth Avenue North
Nashville, TN 37243

Robert "Gus" Radford
District Attorney General

Todd A. Rose
Assistant District Attorney General
P.O. Box 686
Huntingdon, TN 38344

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

On August 10, 1996, the appellant, Timothy Todd Webb, was arrested for driving under the influence in Henry County. In March 1997, he was convicted by a jury of driving under the influence (DUI) of an intoxicant in violation of Tennessee Code Annotated § 55-10-401 (Supp. 1996), which is a Class A misdemeanor. The state and the appellant stipulated that the conviction was for a third offense driving under the influence of an intoxicant.[1] At the sentencing immediately following the trial, the court imposed a fine of $1,100, suspended the appellant's driver's license for a minimum of three years, and sentenced the appellant to eleven months and twenty-nine days. The trial court ordered the appellant to serve 120 days in continuous confinement and then enter an alcohol rehabilitation program. The court also noted its intention to suspend the remainder of the appellant's sentence, if he successfully completed the rehabilitation program.

The appellant's sole issue on appeal is whether the trial court erred in ordering "a sentence that is harsh, unfair, prejudicial and much greater than the normal sentence imposed in like cases by imposing the minimum sentence plus rehabilitation and then to report back to jail for release by Circuit Court." We affirm.

The appellant argues that the trial court imposed a sentence that was excessive and harsh. He contends that after he serves 120 days, he may have to wait while incarcerated for "a bed to open" at a rehabilitation facility if one is not available on the 121st day. He further asserts that upon completion of the alcohol rehabilitation program, he may have to remain incarcerated until the court can hear a motion for release. Additionally, he maintains that the trial court erred in not considering him for probation because the trial court imposed

---

[1]The appellant's other convictions occurred in Stewart County, Tennessee on November 22, 1988 and in Lyon County, Kentucky on June 19, 1992.

the sentence immediately after the conclusion of the trial and without the benefit of a presentence report "or consider[ation] any of the other factors necessary to impose a fair and impartial sentence."

The state argues that the trial court properly sentenced the appellant. First, it notes that the appellant first challenged his sentence in his written motion for new trial, which was filed on April 24, 1997. However, later that same day, and before the court had even ruled on the motion for new trial, the appellant filed a notice of appeal challenging only his sentencing. Then, at the motion for new trial hearing on May 20, 1997, the appellant struck the second ground of the motion, which dealt with sentencing. Although the state acknowledges that sentencing issues are not required to be raised in a motion for new trial, it maintains that because the issue of sentencing was raised in open court and then stricken from the motion, the issue should be considered waived.

Second, the state argues that the appellant is not entitled to a presumptive minimum sentence. It asserts that the trial court considered enhancement and mitigation factors in determining the appellant's sentence. It maintains that not only was the 120-day period of confinement the mandatory minimum under Tennessee Code Annotated § 55-10-403(a)(1) (Supp. 1996), but also that the $1,100 fine and the three-year suspension of the appellant's driver's license were also the minimum punishments as well.

Third, the state asserts that rehabilitation of an offender is one purpose of the sentencing provisions under Tennessee Code Annotated § 40-35-102 (Supp. 1996). It further argues that because the appellant had not been through a rehabilitation program for alcohol abuse and because this was his third conviction for the same offense, the sentence imposed by the trial court was therefore consistent with the purpose and principles of the Criminal Sentencing Reform Act of 1989.

First, although we are inclined to agree with the state's argument that the appellant waived his right to challenge his sentence at the motion for new trial hearing, we will nonetheless address the merits of the appellant's appeal.

When an appellant challenges the length, range, or manner of service of a sentence, this Court conducts a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1990). However, this presumption is conditioned on an affirmative indication in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The appellant bears the burden of showing that the sentence was improper. Id.

Our Supreme Court outlined the procedure for sentencing misdemeanor offenders under the Criminal Sentencing Reform Act of 1989 in State v. Palmer, 902 S.W.2d 391 (Tenn. 1995):

> [T]he Criminal Sentencing Reform Act of 1989 requires three things of trial judges sentencing misdemeanor offenders. First, all misdemeanor offenders must be sentenced in accordance with the principles, purposes, and goals of the Act. It naturally follows, then, that the sentence must be within the penalty provided for the offense. Second, the court must either conduct a sentencing hearing or provide an opportunity for the parties to be heard on the length and manner of service of the sentence. Third, in addition to setting the sentence based on the principles, purposes, and goals of the Act, the court must set a release eligibility percentage which cannot exceed seventy-five percent of the imposed sentence. Alternatively, the court can grant probation immediately or after a period of split or continuous confinement.

Id. at 393 (citations omitted).

Tennessee Code Annotated § 40-35-302 (Supp. 1996) governs sentencing for misdemeanor offenses. A misdemeanant is not entitled to the presumption of a minimum sentence. State v. Seaton, 914 S.W.2d 129, 133 (Tenn. Crim. App. 1995). Also, a presentence report is not mandatory in misdemeanor sentencing as it is in felony sentencing. See Sentencing

Commission Comments, Tenn. Code Ann. § 40-35-302 (Supp. 1996); Tenn. Code Ann. § 40-35-205(a) (1990).

The appellant contends that he was prejudiced by the trial court when it conducted the sentencing hearing immediately after the appellant's trial. The record reveals that appellant's counsel did not request that the court conduct a separate sentencing hearing . Following the trial, the appellant and his counsel were afforded an opportunity to be heard, and at that time, appellant's counsel stated: "Your Honor, we would at this time just request the minimum sentence for a DUI, third offense. Of course, we've stipulated to the DUI, third offense. We would ask the Court for the minimum sentence and the minimum fine." As we observed earlier, a misdemeanant is entitled to be heard before sentencing, and the trial court provided the appellant with that opportunity. We conclude that the appellant was not prejudiced because his sentencing occurred immediately after his trial or because the court did not have the benefit of a presentence report.

In addition to the guidelines regarding misdemeanor sentencing, the sentence in a DUI case must adhere to the requirements provided in the DUI statute. Palmer, 902 S.W.2d at 394. Furthermore, the DUI statute provides that "[n]othing in . . . the Sentencing Reform Act of 1989, shall be construed as altering, amending or decreasing the penalties established in this section for the offense of driving under the influence of an intoxicant." Tenn. Code Ann. § 55-10-403(m) (Supp. 1996). Therefore, the release eligibility percentages relevant for other misdemeanors are not applicable to DUI sentences, if such an application would alter, amend, or decrease the penalties provided by the DUI statutes. Palmer, 902 S.W.2d at 394. For example, a DUI offender can be sentenced to serve one hundred percent of his sentence. Id.

In the case sub judice, the appellant was convicted of third offense driving under the influence of an intoxicant in violation of Tennessee Code Annotated

§ 55-10-401 (Supp. 1996). The penalty for violation of this statute is provided at Tennessee Code Annotated § 55-10-403(a)(1) (Supp. 1996). The relevant part of the statute follows:

> For the third or subsequent conviction, there shall be imposed a fine of not less than one thousand one hundred dollars ($1,100) nor more than ten thousand dollars ($10,000) and the person or persons shall be confined in the county jail or workhouse for not less than one hundred twenty (120) days nor more than eleven (11) months and twenty-nine (29) days, and the court shall prohibit such convicted person or persons from driving a vehicle in the state of Tennessee for a period of time of not less than three (3) years nor more than ten (10) years.

The trial court sentenced the appellant to serve eleven months and twenty-nine days for a third offense driving under the influence conviction. The court ordered the appellant to serve 120 days in continuous confinement, which was the minimum permitted by statute, and then enter an alcohol rehabilitation program, with the remainder of his sentence to be suspended upon successful completion of the rehabilitation program. Also, the trial court fined the appellant $1,100 and suspended his driver's license for a minimum of three years, which were the mimumum punishments.

Therefore, from our review of the record, the trial court followed the statute in sentencing the appellant. We affirm the judgment of the trial court.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
JOHN H. PEAY, Judge

-6-

_____
THOMAS T. WOODALL, Judge