**STATE of Tennessee, Appellee,**

v.

**Jerry D. MORROW, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

July 6, 1989.

Sam E. Wallace, Sr., Nashville, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Debra K. Inglis, Deputy Atty. Gen., Nashville, Lawrence R. Whitley, Dist. Atty. Gen., Gallatin, for State of Tenn.

## OPINION

WADE, Judge.

The defendant appeals as of right from convictions for possession of Schedule IV drugs, second offense driving under the influence, and violation of the Implied Consent Law. The trial judge sentenced the defendant to 11 months and 29 days on each conviction, yet granted probation after service of 45 days. The sentences are concurrent.

The only issue presented by this appeal is whether the trial court properly refused the defendant credit for time spent voluntarily at a residential alcohol treatment facility.

This court finds no error and affirms the conviction.

The facts that led to conviction are not in dispute. An officer with the Hendersonville Police Department observed the defendant driving in excess of 65 miles per hour along a public roadway. After the defendant swerved across the center line and back towards the shoulder of the road, the officer made a stop. The defendant staggered when he attempted to walk, had a slight odor of alcohol on his breath, had slurred speech, and admitted that he had consumed some beer at a nearby bowling alley. The defendant apparently failed three separate field sobriety tests before he refused to submit to a blood alcohol examination.

At the sentencing hearing, the defendant established that before his trial, he had voluntarily entered New Life Lodge, a residential treatment facility in Burns, Tennessee. While enlisted in this program, the defendant was confined 24 hours a day for a period of 30 days. By September 16, 1988, the defendant had successfully refrained from the use of alcohol for approximately seven months.

At the time of the imposition of sentence, the trial judge made the following comment:

> One reason I stopped your attorney before he could go further, if I had the authority to sentence you to 45 days [in a facility of this kind], I would sentence you ... to an institution like New Life or like the other institution which was testified to....

The defendant suggests that this court "see fit to invest the trial court with the discretion to at least allow credit for any defendant" who takes the initiative to participate in a residential alcohol treatment facility.

This court, of course, has no such statutory authority.

Tenn.Code Ann. § 55–10–403(a)(1) provides that upon conviction of a second offense for driving while intoxicated, "the person ... shall be confined in the county jail or workhouse for not less than 45 days nor more than 11 months and 29 days...." By this statute, any person so convicted must serve "day for day at least the minimum provided by law." Tenn.Code Ann. § 55–10–403(b)(1). On second and subsequent convictions, the violator is required to participate "in a program of rehabilitation at an alcohol treatment facility, if available." Tenn.Code Ann. § 55–10–403(c)(2).

We know of no statute authorizing jail credit when the defendant voluntarily enters a privately operated residential alcohol treatment facility. This does not suggest that this court is altogether unsympathetic to the defendant's plea for treatment rather than incarceration to those afflicted with alcoholism.

The defendant's efforts were not only commendable but also beneficial as well. The minimum sentence for second offense of driving under the influence was imposed by the trial court. Had he not already received treatment, the defendant would have been required to do so as a condition of his probation.

It is apparent, however, that the defendant's argument that jail credits for any time spent in an in-house treatment facility is more appropriately addressed to the legislature.

The judgment of the trial court is affirmed.

DUNCAN and BIRCH, JJ., concur.