IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
JUNE SESSION, 1998

FILED

August 18, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | No. 01C01-9707-CC-00279 |
| Appellee | ) | |
| | ) | WILLIAMSON COUNTY |
| vs. | ) | |
| | ) | Hon. DONALD P. HARRIS, Judge |
| BETTE J. WATSON, | ) | |
| | ) | (Sentencing) |
| Appellant | ) | |

For the Appellant:

James Robin McKinney, Jr.
One Washington Square
Suite 103
Nashville, TN 37201

For the Appellee:

John Knox Walkup
Attorney General and Reporter

Deborah A. Tullis
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

Joseph D. Baugh, Jr.
District Attorney General

Derek Smith
Asst. District Attorney General
P. O. Box 937
Franklin, TN 37065-0937

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

## OPINION

The appellant, Bette J. Watson, was indicted by a Franklin County Grand Jury for the offenses of driving under the influence, second offense, and driving on a revoked license, second offense. Pursuant to a plea agreement, the appellant pled guilty to each of the indicted charges with the sentences to be determined by the trial court. Following a sentencing hearing, the trial court imposed concurrent sixty day periods of incarceration for DUI, second offense, and driving on a revoked license, second offense. The appellant appeals this sentencing decision contending (1) that the court erred by refusing to allow jail credit for her voluntary participation in a private inpatient alcohol treatment program and (2) that she should have received the minimum sentence of forty-five days.[1]

After review, we affirm.

## BACKGROUND

At approximately 3:45 p.m. on August 17, 1996, the appellant, while driving through a residential neighborhood, left the paved portion of the street, striking mailboxes and finally hitting a neighbor's parked car. Numerous children lived in this area and routinely rode their bicycles upon the streets. Following the appellant's arrest on this date, her blood alcohol content level was .30 percent.

---

[1]It is unclear from the record whether the appellant's appeal involves only her DUI sentence or encompasses both the DUI sentence and driving on a revoked license sentence. Her brief alludes only to the DUI sentence. Clearly, her first issue is applicable only to a DUI conviction. DUI, second offense, and driving on a revoked license, second offense, as pled to by the appellant, both require minimum mandatory forty-five day periods of confinement. Thus, little solace would be provided if, in fact, the relief sought from the DUI sentence was granted since the appellant would remain incarcerated on the driving on revoked license conviction. See Tenn. Code Ann. § 55-50-504(a)(2) (1996 Supp.); Tenn. Code Ann. § 55-10-403(a)(1)(1996 Supp.). For this reason, we elect review of both sentences.

On October 29, 1996, before entering guilty pleas, the appellant voluntarily entered the New Life Lodge, a residential alcohol and drug treatment center in Burns, Tennessee. She successfully completed the inpatient program and was discharged approximately three weeks later. These offenses occurred approximately one month after the probationary period for her previous DUI conviction had expired. On the date of these offenses, the appellant was driving on a restricted motor vehicle operator's license.[2] The proof at the hearing established that the appellant was fifty-five years old and a widow. Based upon these facts, the trial court imposed concurrent sentences of six months for both second offense convictions for DUI and driving on a revoked license, with all time suspended except for sixty days which was to be served in the Williamson County Workhouse. The court further ordered the appellant to be placed on supervised probation for 11 months 29 days, revoked the appellant's driver's license for two years, and fined the appellant $600 for the charge of driving under the influence, second offense.

**Analysis**

The appellant first contends that she should be given jail credit for time voluntarily spent in an alcohol treatment facility. She argues that "the public policy of the State of Tennessee should be such that it would encourage a defendant to immediately seek treatment for the welfare of the Defendant, as well as, the citizens of the State of Tennessee." This identical issue was addressed in State v. Morrow, 778 S.W.2d 63, 65 (Tenn. Crim. App. 1989). In Morrow, this court found that "no

---

[2]The record does not reflect how the appellant was in possession of a restricted license in view of her prior conviction for driving on a revoked license or how the appellant was convicted of driving on a revoked license, second offense, when the appellant was in possession of a restricted license. See Tenn. Code Ann. § 55-10-403(d)(1).

This apparent inconsistency and the absence of other areas of proof relating to the factual basis for the two guilty pleas were occasioned by the appellant's failure to include a transcript of the guilty plea hearing in the record. *De novo* review requires us to review the same facts and circumstances of the criminal conduct involved as was reviewed by the trial court. Because the guilty plea hearing was not included in the records, our review of the facts is not from a complete record. The appellant must prepare a transcript of the evidence as is necessary to convey a fair, accurate, and complete account of what transpired with respect to those issues that are the basis of the appeal. Tenn. R. App. P. 24(b).

statute authoriz[es] jail credit when the defendant voluntarily enters a privately operated residential alcohol treatment facility. . . .[T]he defendant's argument that jail credits for any time spent in an in-house treatment facility is more appropriately addressed to the legislature." See also State v. Green, No. 03C01-9502-CR-00057 (Tenn. Crim. App. at Knoxville, Oct. 26, 1995), perm. to appeal denied, (Tenn. Apr. 8, 1996); State v. Johnson, No. 02C01-9103-CR-00048 (Tenn. Crim. App. at Jackson, Dec. 12, 1991). Because the appellant's participation in the inpatient treatment program was not "court ordered," the appellant cannot receive credit for the time she spent at New Life Lodge. Tenn. Code Ann. § 55-10-403(a)(4)(A). This issue is without merit.

The appellant next asserts that the trial court imposed excessive sentences for her convictions. She states that she "simply wants to be allowed to serve the minimum [45 day] sentence." When an appellant complains of their sentence on appeal, this court conducts a *de novo* review coupled with a presumption that the trial court's sentencing determinations are correct. Tenn. Code Ann. § 40-35-210(d) (1995 Supp.). However, this presumption is conditioned upon an affirmative showing that the trial court considered the relevant sentencing principles and all pertinent facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Regardless of whether the presumption of correctness is applied, the burden of showing the impropriety of the sentence is on the appealing party. Sentencing Commission Comments, Tenn. Code Ann. § 40-35-401 (1990).

Misdemeanor sentencing is governed by Tenn. Code Ann. § 40-35-302 (1996 Supp.). Although otherwise entitled to the same considerations under the Sentencing Reform Act of 1989, unlike a felon, a misdemeanant is not entitled to the presumption of a minimum sentence. See State v. Seaton, 914 S.W.2d 129, 133 (Tenn. Crim. App. 1995) (citation omitted); State v. Warren, No. 01C01-9605-CC-

4

00218 (Tenn. Crim. App. at Nashville, May 21, 1997) (citation omitted). Moreover, as a sentencing hearing is not mandatory, see Tenn. Code Ann. § 40-35-202 (1990), trial courts are not required to explicitly place their findings on the record. See State v. McKnight, No. 01C01-9509-CC-00313 (Tenn. Crim. App. at Nashville, June 11, 1996), perm. to appeal denied, (Tenn. Jan. 6, 1997); see also State v. Troutman, No. 03C01-9509-CC-00287 (Tenn. Crim. App. at Knoxville, Nov. 6, 1996), perm. to appeal granted, (Tenn. May 5, 1997) (Hayes, J. dissenting). Additionally, we recognize that a misdemeanor sentence, as opposed to a felony sentence, contains no sentence range. See Troutman, No. 03C01-9509-CC-00287 (Hayes, J. dissenting). Accordingly, in misdemeanor cases, the trial judge, who is able to observe first-hand the demeanor and responses of the defendant while testifying must be granted discretion in arriving at the appropriate sentence. In sum, the sentencing court should examine the misdemeanor offense in the light and character of the circumstances of the offense as well as under the mandated sentencing principles. State v. Brannon, No. 03C01-9508-CR-00233 (Tenn. Crim. App. at Knoxville, Apr. 3, 1996), perm. to appeal denied, (Tenn. Nov. 4, 1996) (citing State v. Gilboy, 857 S.W.2d 884, 889 (Tenn. Crim. App. 1993)).

In this case, the trial court found that the appellant's conduct was "aggravated," noting her high blood alcohol concentration, the fact that she drove on a restricted license, and that the offense occurred in a neighborhood at a time when children were likely to be present. We find, upon *de novo* review, that these facts are amply supported by the record. Moreover, we conclude that the trial court's imposition of concurrent sixty day periods of incarceration for each of her two convictions is justified and in conformity with the principles of sentencing. The judgment of the trial court is affirmed.

_____
DAVID G. HAYES, Judge


CONCUR:


_____
JOHN H. PEAY, Judge


_____
JOSEPH M. TIPTON, Judge