# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### SEPTEMBER SESSION, 1998

FILED

October 12, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | No. 03C01-9711-CR-00508 |
| Appellee | ) | |
| | ) | GREENE COUNTY |
| vs. | ) | |
| | ) | Hon. JAMES E. BECKNER, Judge |
| **CARLOS LAMONT MARTIN,** | ) | |
| | ) | **(Possession of Crack Cocaine)** |
| Appellant | ) | |

For the Appellant:

**D. Clifton Barnes**
Assistant District Public Defender
Third Judicial District
1609 College Park Drive, Box 11
Morristown, TN  37813

**Greg W. Eichelman**
District Public Defender

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Michael J. Fahey, II**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**C. Berkeley Bell, Jr.**
District Attorney General

**Eric D. Christiansen**
Asst. District Attorney General
109 South Main Street
Greeneville, TN  37743

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

## OPINION

The appellant, Carlos Lamont Martin, appeals as of right his conviction for possession of a schedule II controlled substance, a class A misdemeanor.[1] Following a jury trial, the Greene County Criminal Court sentenced the appellant to eleven months and twenty-nine days with a release eligibility of seventy-five percent.[2] In this appeal, the appellant contends that the evidence is insufficient to support his conviction and that the sentence imposed by the trial court is excessive.

After a review of the record, we affirm the judgment of conviction and sentence entered by the trial court.

## Background

Around 2:20 p.m. on December 7, 1996, Greeneville Police Officer Tim Hartman was on patrol in an area of Greeneville known as "The Wall." "The Wall" is a concrete block wall or structure extending along Davis Street to Sumner Street, and is an area where people routinely congregate. On this date, Officer Hartman observed a group of about eight to fifteen men gathered near "The Wall." One person, whom Officer Hartman knew to be the appellant, made "a quick sudden movement," stepped away from the street, reached over to place something above "The Wall" into the grass, and walked away from "The Wall." No other person was near the object.

---

[1] The appellant was originally charged with felony possession of crack cocaine with the intent to sell, a class B felony.

[2] This sentence was ordered to run consecutive to three outstanding convictions for forgery, failure to appear, and theft under $500, for an effective sentence of four years.

Officer Hartman noticed that the object was reflecting sunlight and thought that the object might be something used to contain drug paraphernalia. He proceeded to exit his patrol car and walked directly to the object, which he recognized as a wadded ball of aluminum foil. Upon unfolding the aluminum foil, Officer Hartman discovered what appeared to be crack cocaine packaged in the cellophane wrapper from a pack of cigarettes. Hartman placed the contraband in his pocket, walked straight to the appellant, who was standing near the patrol car, and placed him under arrest for the possession of crack cocaine. A subsequent search of the appellant revealed no drug paraphernalia or articles indicative of drug trafficking on his person.

At trial, David Holloway, a forensic scientist with the Tennessee Bureau of Investigation crime laboratory in Knoxville, confirmed that the contraband seized by Officer Hartman contained one-half gram of cocaine base, a schedule II drug. The appellant, in his own defense, denied having any contact with or possession of the wadded ball of aluminum foil containing crack cocaine seized by Officer Hartman.

Based upon this evidence, the jury found the appellant guilty of simple possession of crack cocaine.

### I. Sufficiency of the Evidence

The appellant contends that the evidence is not sufficient to support a conviction for simple possession of cocaine. In support of this issue, he argues that "it was not proven beyond a reasonable doubt that the cocaine found on the wall was sufficiently connected to the appellant for this conviction to stand." Specifically, he avers that "the officer's testimony that he observed the actions of the appellant in a crowd of eight to twelve people from 150 to 200 yards is an impossibility."

3

When there is a challenge to the verdict based on the sufficiency of the evidence, this court must review the evidence in the light most favorable to the prosecution and determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); Tenn. R. App. P. 13(e). We do not reweigh or reevaluate the evidence; these are issues resolved by the trier of fact. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Furthermore, a guilty verdict accredits the testimony of witnesses for the State and a presumption of guilt replaces the presumption of innocence. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Thus, before an appellate court may disturb a jury's finding of guilt, the appellant must prove that the evidence was insufficient to support the jury verdict in his case. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

Before the State may succeed in a prosecution for simple possession of cocaine, the proof must show that the appellant was in possession of a controlled substance. See Tenn. Code Ann. § 39-17-418(a) (1996 Supp.). There is no dispute as to the nature of the contraband substance. The only issue is whether the appellant was in possession of the controlled substance. Possession of a controlled substance may be actual or constructive. State v. Cooper, 736 S.W.2d 125, 129 (Tenn. Crim. App. 1987). If a person is found to have the power and intention at a given time to exercise dominion and control over the substance, he is in constructive possession thereof. Id. at 129 (citations omitted). Although mere presence in the area where the drugs are discovered is not enough to show possession, State v. Transou, 928 S.W.2d 949, 956 (Tenn. Crim. App. 1996), the proof shows that the appellant was more than merely present in the area where the cocaine was found. Specifically, Officer Hartman observed the appellant place the object containing the cocaine on the top of the wall. Obviously, by returning a guilty verdict, the jury rejected the appellant's denial of culpability and possession and

4

accredited the officer's version of the events. It is not within the authority of this court to reweigh or reevaluate the testimony of the witnesses. State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984). The appellant has had his day in court and this court will not and cannot substitute its judgment for that of the finder of fact and arbiter of credibility. Cabbage, 571 S.W.2d at 835. Accordingly, we find the proof sufficient to establish that the appellant was in possession of crack cocaine. Tenn. R. App. P. 13(e). This issue is without merit.

## II. Sentencing

In his final issue, the appellant contends that the sentence imposed by the trial court is excessive and contrary to the principles of sentencing. Specifically, he contends (1) that the trial court committed error by considering the original charge of possession with intent to sell, although the appellant was convicted of the lesser offense of simple possession and (2) that the State's argument that the sentence must be enhanced due to its proximity to a school is misplaced. These arguments are inaccurate. First, the record does not reflect that the trial court considered the original charge of possession with intent to sell in reaching its sentencing determination. Moreover, even though the State argued for enhancement based upon the proximity to a school, the trial court explicitly rejected this argument. Thus, we find no need to address these contentions of the appellant. Notwithstanding, the appellant also asserts that the trial court failed to weigh enhancement and mitigating factors properly.

The record indicates that the trial court considered relevant sentencing principles, thus, this court conducts a *de novo* review coupled with a presumption that the trial court's sentencing determinations are correct. Tenn. Code Ann. § 40-35-401(d) (1990); State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Although otherwise entitled to the same considerations under the Sentencing Reform Act of

5

1989, unlike a felon, a misdemeanant is not entitled to the presumption of a minimum sentence. See State v. Seaton, 914 S.W.2d 129, 133 (Tenn. Crim. App. 1995) (citation omitted). Moreover, the trial judge is granted a greater flexibility of discretion in arriving at the appropriate sentence than in felony cases.

Even in light of the court's discretion and the less stringent procedures permitted in misdemeanor sentencing, a misdemeanor offender must be sentenced to a determinant sentence, including a percentage of that sentence which the offender must serve before becoming eligible for consideration of rehabilitative programs. Tenn. Code Ann. 40-35-302(b), (d) (1990); see also State v. Palmer, 902 S.W.2d 391, 394 (Tenn. 1995). The appellant was convicted of a class A misdemeanor. Thus, his sentence may not exceed 11 months and 29 days, Tenn. Code Ann. § 40-35-111(e)(1) (1990), and he must be sentenced to a percentage of not greater than seventy-five percent of that sentence. Palmer, 902 S.W.2d at 393-394. In determining the percentage of the sentence, the court may consider enhancement and mitigating factors as well as the legislative purposes and principles related to sentencing. Tenn. Code Ann. § 40-35-302(d); Palmer, 902 S.W.2d at 393-94; State v. Gilboy, 857 S.W.2d 884, 889 (Tenn. Crim. App. 1993). However, the statutory enhancement and mitigating factors do not have to be the only factors considered by the trial court in determining the appropriate sentence. The court should examine the misdemeanor offense in the light and character of the circumstances of the offense as well as under the mandated sentencing principles. State v. Brannon, No. 03C01-9508-CR-00233 (Tenn. Crim. App. at Knoxville, Apr. 3, 1996), perm. to appeal denied, (Tenn. Nov. 4, 1996) (citing Gilboy, 857 S.W.2d at 889).

In determining the appropriate sentence, the trial court, in the present case, found three enhancement and no mitigating factors applicable. Specifically, the trial court found that the appellant (1) has a previous history of criminal convictions,

Tenn. Code Ann. § 40-35-114(1) (1996 Supp.); (8) has a previous history of unwillingness to comply with conditions of a sentence involving release into the community, Tenn. Code Ann. 40-35-114(8); and that (13) the offense was committed while on probation, Tenn. Code Ann. § 40-35-114(13)(c).  The record supports the trial court's application of factors (1) and (8).  The appellant has prior convictions for forgery, failure to appear, theft under $500, DUI, and juvenile adjudications.  Additionally, he was on probation when the current offense was committed, indicating his unwillingness to comply with conditions of release. Although factor (13) applies only to a <u>felony</u> committed while on release for another <u>felony</u>, consideration of the premise underlying this factor is appropriate in misdemeanor sentencing when determining the appellant's release percentage. <u>See</u>  Tenn. Code Ann. § 40-35-302(d).

The record supports the trial court's findings regarding enhancement and mitigating factors.  We conclude that the appellant has not met his burden of showing that service of his sentence at seventy-five percent is improper. Sentencing Commission Comments, Tenn. Code Ann. § 40-35-401.  Rather, the record indicates that such a sentence is more than justified.  This issue is also without merit.

In consideration of the record before us and the applicable law, we find no error of law requiring reversal.  Accordingly, the judgment of conviction and sentence imposed by the trial court is affirmed.

_____
DAVID G. HAYES, Judge

7

CONCUR:


_____
JOHN H. PEAY, Judge


_____
JOSEPH M. TIPTON, Judge