# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### MARCH SESSION, 1999

**FILED**

April 20, 1999

**Cecil W. Crowson**
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | **)** | **C.C.A. NO. 01C01-9805-CR-00229** |
| | **)** | |
| Appellee, | **)** | |
| | **)** | |
| | **)** | **DAVIDSON COUNTY** |
| **VS.** | **)** | |
| | **)** | **HON. SETH NORMAN,** |
| **CLINTON E. KEY,** | **)** | **JUDGE** |
| | **)** | |
| Appellant. | **)** | (Misdemeanor Sentencing) |

## ON APPEAL FROM THE JUDGMENT OF THE
## CRIMINAL COURT OF DAVIDSON COUNTY

FOR THE APPELLANT:

MARY GRIFFIN
Assistant Public Defender
1202 Stahlman Building
Nashville, TN 37201

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

CLINTON J. MORGAN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

VICTOR S. JOHNSON
District Attorney General

PAMELA ANDERSON
Assistant District Attorney General
Washington Square, Suite 500
Nashville, TN 37201-1649

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant, Clinton E. Key, appeals his sentences of thirty days for disorderly conduct; six months for resisting arrest; thirty days for criminal trespass; and eleven months, twenty-nine days for assault. Following a jury trial, the trial court ordered Defendant to serve the sentences consecutively in the county jail, with release eligibility at seventy-five percent. Defendant argues that the trial court erred by imposing the maximum sentence on each conviction and by ordering the sentences served consecutively.

Although the record does not contain a transcript of the evidence presented to the jury during the trial, the Defendant submitted a statement of the evidence.[1] These crimes were the result of two separate confrontations with police officers—one in September of 1996 and the other in February of 1997. On both occasions, the Defendant apparently resisted the efforts of police officers to take him into custody.

Defendant, a multiple misdemeanant, is not entitled to the presumptive minimum sentence. State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997); State v. Combs, 945 S.W.2d 770, 774 (Tenn. Crim. App. 1996); State v.

---

[1] The State argues that the Statement of Evidence filed by Defendant following his Notice of Appeal is insufficient under Tennessee Rule of Appellate Procedure 24(c). We find that the Statement was filed with the trial court within the 90-day period as required. Defendant hand-delivered a copy of the Statement to the State. No objections by the State appear in the record; and pursuant to Tennessee Rule of Appellate Procedure 24(f), the Statement became final upon inaction by the trial court.

Although, as the State argues, the Statement has not been specifically "certified" by Defendant or Defendant's counsel, we find (1) that Defendant has substantially complied with the requirements of Rule 24, and (2) that the proper place for the State's objections was in the trial court, as the trial court was the proper arbiter of any factual disputes between the State and Defendant. We consider the Statement of Evidence in lieu of a transcript of the evidence.

Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995); State v. Seaton, 914 S.W.2d 129, 133 (Tenn. Crim. App. 1995); State v. Williams, 914 S.W.2d 940, 949 (Tenn. Crim. App. 1995); State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994).

In misdemeanor sentencing, the trial court retains the authority to place the defendant on probation either immediately or after a time of periodic or continuous confinement.  Tenn. Code Ann. § 40-35-302(e).  Misdemeanor sentencing is designed to provide the trial court with continuing jurisdiction and a great deal of flexibility.  Furthermore, our supreme court recently stated in State v. Troutman, 979 S.W.2d 271 (Tenn. 1998), that the trial court's findings on the issue of incarceration need not appear in the record:

> [W]hile the better practice is to make findings on the record when fixing a percentage of a defendant's sentence to be served in incarceration, a trial court need only consider the principles of sentencing and enhancement and mitigating factors in order to comply with the legislative mandates of the misdemeanor sentencing statute.

Id. at 274.

With respect to consecutive sentencing, Tennessee Code Annotated § 40-35-115 provides that the trial court may order multiple sentences to run consecutively if the "defendant is an offender whose record of criminal activity is extensive."  Tenn. Code Ann. § 40-35-115(b)(2).

At the Defendant's sentencing hearing, the only proffered mitigating proof relevant to sentencing was Defendant's testimony that he has "turned over a new leaf" by committing misdemeanors rather than "grand felonies."  The trial court

commented on its consideration of Defendant's prior record of criminal activity contained in the presentence report, which includes two felony convictions,[2] nineteen misdemeanor convictions,[3] and arrests for twenty-eight additional counts not resulting in convictions. The report also reflects that a prior sentence of probation for his first burglary was revoked. At the sentencing hearing, the Defendant demonstrated neither remorse nor potential for rehabilitation, and he in fact suggested the police officers should be reprimanded for bringing the charges against him.

We find the foregoing evidence sufficient to support both the length and manner of service of Defendant's sentences for disorderly conduct, resisting arrest, criminal trespass, and assault. We affirm the sentences ordered by the trial court.

_____
DAVID H. WELLES, JUDGE

---

[2] Defendant was convicted twice for burglary, once in 1973 and once in 1985.

[3] Defendant has been convicted twice for driving on a revoked or suspended license, once for possession of stolen property, once for possession of drug paraphernalia, once for disorderly conduct, once for resisting a stop and frisk, twice for traffic offenses, once for criminal trespass, once for reckless endangerment, once for public intoxication, twice for shoplifting, three times for possession of drugs, twice for disturbing the peace, and once for a weapons offense.

CONCUR:

-5-

_____
JOE G. RILEY, JUDGE


_____
JOHN EVERETT WILLIAMS, JUDGE