IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE v. LEWIS EDWARD ALLEN

**Direct Appeal from the Circuit Court for Montgomery County**
**No. 39246, John H. Gasaway, III, Trial Judge**

---

**No. M1998-00213-CCA-R3-CD - Decided May 19, 2000**

---

The appellant was convicted at a bench trial of DUI, third offense. Prior to his trial, he entered guilty pleas to driving on a suspended license - seventh offense, evading arrest and speeding. On appeal, the appellant contends: (1) the sentences imposed by the trial court for DUI, third, driving on suspended license, seventh offense, and evading arrest are excessive and (2) the trial court's order of consecutive sentencing was improper. After review, we affirm.

**Tenn. R. App. P. 3(b) Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

GLENN, J. delivered the opinion of the court, in which RILEY, J., and ACREE, SP.J., joined.

Russel A. Church, Clarksville, TN, for the appellant, Lewis Edward Allen.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Clinton J. Morgan, Assistant Attorney General, John Wesley Carney, Jr., District Attorney General, and Lance A. Baker, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The appellant, Lewis Edward Allen, was indicted by a Montgomery County Grand Jury on charges of DUI, third offense, reckless driving, driving on revoked license, seventh offense, speeding, and evading arrest. He entered guilty pleas to driving on revoked, seventh offense, speeding, and evading arrest. At a bench trial, the trial court found the appellant guilty of DUI, third offense, but found the appellant not guilty of reckless driving. Following his convictions for DUI, third offense, driving on revoked license, seventh offense, and evading arrest, the trial court imposed sentences of eleven months and twenty-nine days for each offense. The release percentage was fixed at seventy five percent for DUI, third, and driving on revoked license, seventh; the percentage for evading arrest was fixed at thirty percent. The sentences were ordered to be served concurrent, but consecutive to an outstanding sentence for aggravated assault. The appellant now appeals the sentencing decision of the trial court, contending (1) that his sentences are excessive and (2) that the

trial court erred by ordering that these misdemeanor sentences be served consecutively to his felony sentence.

After review, we affirm the sentencing decision of the trial court.

## BACKGROUND

The "Statement of the Evidence" filed by defense counsel pursuant to Tenn. R. App. P. 24(c) provides the following background:

> On September 9, 1997, at approximately 11:00 p.m., Officer Bobbie Dixon of the Clarksville Police Department was conducting stationary radar on Highway 41A. He observed a vehicle being driven by the Appellant traveling 67 mph in a 45 mile per hour zone. . . . The officer further testified that he believed the Appellant had sped up as the officer turned around in pursuit as he was going much faster than 70 to try to catch up.
>
> The Appellant's vehicle turned on to a side road and pulled in to a driveway on the side road. The Appellant abandoned the vehicle and fled to a brush pile where the officer retrieved him all scratched up. He failed four sobriety tests. . . . In addition, the Appellant had blood shot eyes, slurred speech and an odor of alcohol about his person. . . . The officer also testified that the [appellant] was belligerent and cursing during the booking process.
>
> The Appellant testified . . . that after he had gotten off work . . . he had gone fishing. He had picked up a six pack of twelve ounce beers. He drank four full beers and part of a fifth beer while fishing. . . . He testified that he was speeding because he had stayed out later than he planned and was expecting his wife to be upset with him. . . . He admitted that he ran from the officer because he knew there was an outstanding warrant for his violation of probation on a felony charge. At the time of this bench trial, the appellant had been found in violation of that suspended sentence and was serving a five year TDOC sentence.
>
> . . . .
>
> The proof at the hearing consisted of certified copies of convictions . . . and the testimony of the Appellant's wife who testified he was a good provider and she needed his assistance. The Court ordered the Defendant to serve an eleven month twenty-nine sentence at 75% as to each of these charges. The Court ordered the sentences to run concurrently with each other but consecutively with the violation of probation he was serving.

The court found as circumstances that justified a consecutive sentence that the Appellant had an extensive criminal history . . . and that the appellant had committed this offense while on probation for an aggravated assault charge. . . .

In addition to the "Statement of the Evidence," the record includes twenty-two certified copies of prior convictions of the appellant.

## ANALYSIS

The appellant complains that the trial court imposed an excessive sentence for his convictions and that the trial court erroneously ordered the sentences to run consecutively to an outstanding felony conviction. Specifically, the appellant argues that his sentence "was excessively severe" because the underlying facts were not "horrendous" or indicative of "dangerous driving behavior" and that his DUI "was essentially, a garden variety DUI.." When an appellant complains of his sentence on appeal, this court conducts a *de novo* review coupled with a presumption that the trial court's sentencing determinations are correct. Tenn. Code Ann. § 40-35-401(d)(1997). This presumption is conditioned upon an affirmative showing that the trial court considered the relevant sentencing principles and all pertinent facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Regardless of whether the presumption of correctness is applied, the burden of showing the impropriety of the sentence is on the appealing party. Sentencing Commission Comments, Tenn. Code Ann. § 40-35-401.

### A. Length of Sentence

Misdemeanor sentencing is governed by Tenn. Code Ann. § 40-35-302(1997). Although otherwise entitled to the same considerations under the Sentencing Reform Act, unlike a felon, a misdemeanant is not entitled to the presumption of a minimum sentence. See State v. Seaton, 914 S.W.2d 129, 133 (Tenn. Crim. App. 1995) (citation omitted). Moreover, as a sentencing hearing is not mandatory, see Tenn. Code Ann. § 40-35-302 (1997), trial courts are not required to explicitly place their findings on the record. We also recognize that a misdemeanor sentence, as opposed to a felony sentence, contains no sentence range. Accordingly, in misdemeanor cases, the trial judge, who is able to observe first hand the demeanor and responses of the defendant while testifying, must be granted discretion in arriving at the appropriate sentence.

Additionally, we are cognizant that one of the offenses for which the appellant was convicted was DUI, third offense. See generally Tenn. Code Ann. §55-10-401 and § 55-10-403(m) (1998). Our legislature has provided that a defendant convicted of third offense, DUI, ". . . shall be confined in the county jail . . . for not less than one hundred twenty (120) days nor more than eleven (11) months and twenty-nine (29) days. . . ." Tenn. Code Ann. § 55-10-403(a)(1). Furthermore, "all persons sentenced under subsection (a) shall, in addition to the service of at least the minimum sentence, be required to serve the difference between the time actually served and the maximum sentence on probation." Tenn. Code Ann. § 55-10-403(c). Thus, the length of a defendant's sentence

for a DUI conviction is eleven months, twenty nine days. See generally State v. Troutman, 979 S.W.2d 271, 273 (Tenn. 1998). In effect, the DUI statute mandates a maximum sentence for a DUI conviction with the only function of the trial court being to determine what period above the minimum period of incarceration established by statute, if any, is to be suspended. See Troutman, 979 S.W.2d at 273; State v. Combs, 945 S.W.2d 770, 774 (Tenn. Crim. App. 1996), perm. to appeal denied (Tenn. 1997). Thus, the trial court's imposition of a sentence of eleven months, twenty-nine days is mandated by our legislature and is not improper.

The sentencing court must also determine the percentage of the sentence which the defendant shall serve.[1] Tenn. Code Ann. § 40-35-302(d). Upon service of that percentage, the administrative agency governing the rehabilitative programs determines which among the lawful programs available is appropriate. In determining the percentage of the sentence, the trial court must consider enhancement and mitigating factors as well as the legislative purposes and principles related to sentencing. See Troutman, 979 S.W.2d at 273-274. The Statement of the Evidence makes brief reference to the fact that a sentencing hearing on the three challenged sentences was conducted by the trial court. Indeed, the appellant asserts in his brief:

> The state introduced a number of certified convictions (22) from courts in Montgomery County. A number of them were for driving while his privileges were revoked by the state. The Appellant can not, and does not assert that either of the two reasons stated by the Court for the sentencing do not apply.

In observance of the less stringent procedures attached to misdemeanor sentencing, and following *de novo* review of a sparse and marginally adequate sentencing record, we cannot conclude that the release percentage imposed by the trial court in each of the three challenged sentences was arbitrarily imposed. See Troutman, 979 S.W.2d at 274. This issue is without merit.

### B. Consecutive Sentences

The appellant also contends that the court erred by ordering the misdemeanor sentences in the present case to be served consecutively to the felony sentence for which the appellant was on probation at the time the offenses were committed. The appellant has waived this issue for failure to present any argument and for failure to cite to authority. T.R.A.P. 27(a)(7), (h); Tenn. Ct. Crim. R. App. 10(b). This court will not construct argument on behalf of the appellant. Notwithstanding, the record supports the trial court's imposition of consecutive sentencing based upon an extensive criminal history and that the present offenses were committed while the appellant was on probation for a felony offense. See generally Tenn. Code Ann. § 40-35-115(b)(2) and (b)(6) (1997). This issue is without merit.

---

[1]A DUI offender, unlike other misdemeanor offenders, can be sentenced to serve the entire sentence imposed, or 100%. State v. Palmer, 902 S.W.2d 391, 393-94 (Tenn. 1995). Compare Tenn. Code Ann. § 40-35-302(d) (1997) (maximum percentage is 75%).

The appellant has not met his burden of showing the impropriety of the sentences imposed by the trial court.  Accordingly, the judgment of the trial court is affirmed.