# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
July 13, 2004 Session

## STATE OF TENNESSEE v. TIMOTHY E. BALLARD

**Direct Appeal from the Circuit Court for Carroll County**
**No. 03CR-6     C. Creed McGinley, Judge**

---

**No. W2003-01627-CCA-R3-CD  - Filed August 27, 2004**

---

The defendant, Timothy E. Ballard, was convicted of DUI, a Class A misdemeanor, and driving on a revoked license, a Class B misdemeanor, and was sentenced to an effective sentence of eleven months, twenty-nine days, suspended except for sixty days, with the balance to be served on supervised probation. On appeal, he argues that his sentence is excessive and that the trial court erred in denying full probation or alternative sentencing. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Benjamin S. Dempsey, Huntingdon, Tennessee, for the appellant, Timothy E. Ballard.

Paul G. Summers, Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; G. Robert Radford, District Attorney General; and Eleanor Cahill, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

Because the record on appeal does not contain a copy of the trial transcript, our knowledge of the facts resulting in the defendant's prosecution comes from various other parts of the record. According to the affidavits of complaint of Officer George Tyler of the McKenzie Police Department, on July 31, 2002, at approximately 10:00 p.m., he observed the defendant driving a motor vehicle on Walnut Circle while his license was revoked. Officer Tyler smelled alcohol on the defendant, and the defendant admitted that he had been drinking. The defendant's twelve-year-old son was a passenger in the vehicle at the time. The defendant failed several field sobriety tests and was placed under arrest.

On January 6, 2003, the defendant was indicted by a Carroll County Grand Jury for DUI, second offense, driving on a revoked license, and child endangerment. Following a jury trial, he was convicted of the driving on a revoked license charge; however, the jury was unable to reach a verdict on the two remaining charges. Subsequently, on March 18, 2003, the defendant entered an Alford[1] plea to DUI, first offense, and the child endangerment charge was dismissed. Following a sentencing hearing, the trial court sentenced the defendant to eleven months, twenty-nine days, with ten days to be served in confinement on weekends and the remainder on supervised probation, for the DUI conviction. For the driving on a revoked license conviction, the trial court sentenced the defendant to a concurrent term of six months, with sixty days to be served in confinement and the balance on supervised probation.

## ANALYSIS

The defendant argues that the trial court erred in ordering him to serve sixty days of his six-month sentence for his driving on a revoked license conviction in the county jail, saying that the trial court "enhanced the Class B Misdemeanor sentence because the Defendant took the case to trial and that the trial resulted in a mistrial, based upon a split verdict by the jury." Additionally, he argues that the trial court erred in its application of the enhancement and mitigating factors and in denying full probation, community corrections, or other alternative sentencing after service of the required minimum. The State contends that the defendant has waived the issues because the record on appeal is inadequate.

When an accused challenges the length and manner of service of a sentence, it is the duty of this court to conduct a *de novo* review on the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The presumption does not apply to the legal conclusions reached by the trial court in sentencing the accused or to the determinations made by the trial court which are predicated upon uncontroverted facts. State v. Butler, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); State v. Smith, 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994); State v. Bonestel, 871 S.W.2d 163, 166 (Tenn. Crim. App. 1993), overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 9 (Tenn. 2000). However, this court is required to give great weight to the trial court's determination of controverted facts as the trial court's determination of these facts is predicated upon the witnesses' demeanor and appearance when testifying.

In conducting a *de novo* review of a sentence, this court must consider (a) any evidence received at the trial and/or sentencing hearing, (b) the presentence report, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing alternatives, (e) the nature and

---

[1] See North Carolina v. Alford, 400 U.S. 25, 31, 91 S. Ct. 160, 164, 27 L. Ed. 2d 162 (1970).

characteristics of the offense, (f) any mitigating or enhancement factors, (g) any statements made by the accused in his own behalf, and (h) the accused's potential or lack of potential for rehabilitation or treatment.  Tenn. Code Ann. §§ 40-35-103, -210; State v. Taylor, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001).

The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous.  Tenn. Code Ann. § 40-35-401, Sentencing Commission Cmts.; Ashby, 823 S.W.2d at 169.  In this case, the defendant has the burden of illustrating the sentence imposed by the trial court is erroneous.

Misdemeanor sentencing is controlled by Tennessee Code Annotated section 40-35-302, which provides, in part, that the trial court shall impose a specific sentence that is consistent with the purposes and principles of the 1989 Sentencing Reform Act.  See Tenn. Code Ann. § 40-35-302(b).  Although the Sentencing Reform Act typically treats misdemeanants and felons the same, misdemeanants are not given the presumption of a minimum sentence.  See State v. Seaton, 914 S.W.2d 129, 133 (Tenn. Crim. App. 1995).  A separate sentencing hearing is not required in misdemeanor sentencing, but the trial court must "allow the parties a reasonable opportunity to be heard on the question of the length of any sentence and the manner in which the sentence is to be served." Tenn. Code Ann. § 40-35-302(a).  A misdemeanor sentence, unlike a felony sentence, has no sentence range.  State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997).

The trial court has great flexibility and discretion in fashioning a misdemeanor sentence.  The sentence must be specific and in accordance with the principles, purposes, and goals of the 1989 Sentencing Act.  Tenn. Code Ann. § 40-35-302(b); State v. Palmer, 902 S.W.2d 391, 393 (Tenn. 1995).  The trial court should consider enhancement and mitigating factors in making its sentencing determinations; however, unlike the felony sentencing statute, which requires the trial court to place its findings on the record, the misdemeanor sentencing statute "merely requires a trial judge to consider enhancement and mitigating factors when calculating the percentage of a misdemeanor sentence to be served in confinement." State v. Troutman, 979 S.W.2d 271, 274 (Tenn. 1998).  The trial court is authorized to place the misdemeanant on probation either immediately or after a term of confinement.  Tenn. Code Ann. § 40-35-302(e).  When a defendant challenges a misdemeanor sentence, this court conducts a *de novo* review with a presumption that the trial court's determinations are correct.

Although a transcript of the sentencing hearing is included in the record on appeal, a transcript of the defendant's trial is not included, as we have stated.  It is the defendant's duty to prepare a fair, accurate, and complete record on appeal to enable meaningful appellate review. Tenn. R. App. P. 24(b).  When necessary parts of the record are not included on appeal, we must presume that the trial court's ruling was correct.  State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991).

At the sentencing hearing, defense counsel interrupted the prosecutor's statement of the facts to "stipulate" that those facts shown by the State during the trial could be established by the State:

THE COURT: Let's hear the facts that would –

[DEFENSE COUNSEL]: Stipulate.

THE COURT: Really, I don't need any facts. We've already tried the case to a jury once. He is entering a plea of guilty under an Alf[or]d plea. It's a best interest.

He still continues to insist that he was not under the influence at the time he was driving the car. That was his legal defense. He continues to insist. However, will he stipulate to the facts that were presented to the jury can be established by the State?

[DEFENSE COUNSEL]: Yes, Your Honor.

The trial court then explained its basis for sentencing the defendant on the Alford plea to the DUI charge and his conviction for driving on a revoked license:

In this case, he does have a prior history of criminal convictions or behavior in addition to those necessary to establish the range. In other words, I will not consider, other than he's got those prior DWI convictions, they can be considered, at this point, as criminal convictions that affect sentencing.

Thus, the record shows that the defendant was sentenced as he was because of his "prior history of criminal convictions or behavior," contrary to his claim on appeal that his sentence for driving on a revoked license was increased because he had taken his case to trial. Our only knowledge of the defendant's prior record comes from his DUI indictment, which alleges that his first DUI conviction had occurred on September 28, 1992. Count 2 of the defendant's indictment, charging driving while license revoked, does not identify when the revocation had occurred. Accordingly, even though we do not know the facts of the arrest which resulted in the present charges against the defendant or the details of his previous convictions, we are asked to reverse the trial court's sentencing determination based upon his prior record. Because of the insufficiencies in the record, we are unable to conclude that the trial court erred in its sentencing and, in fact, must conclude the defendant was correctly sentenced.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgments of the trial court.

_____
ALAN E. GLENN, JUDGE

-4-