IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
October 26, 2004  Session

## STATE OF TENNESSEE v. EDWARD E. KEATHLEY

**Direct Appeal from the Criminal Court for Campbell County**
**No. 11732      E. Shayne Sexton, Judge**

---

**No. E2003-02913-CCA-R3-CD - Filed February 22, 2005**

---

A jury convicted the defendant, Edward E. Keathley, of simple possession of a Schedule II controlled substance and of possession of drug paraphernalia, Class A misdemeanors.  Following a sentencing hearing, the defendant was fined a total of $900.00 and sentenced to eleven months and twenty-nine days for each offense.  The trial court ordered the defendant to serve the sentences in concurrent split confinement with ninety days in the county jail and the balance of the sentence on probation.  On appeal, the defendant argues that the trial court erred in denying alternative sentencing.  Based upon our review, we affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

Michael G. Hatmaker, Jacksboro, Tennessee, for the appellant, Edward E. Keathley.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; William Paul Phillips, District Attorney General; and Scarlett W. Ellis, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  FACTS

        At trial, Lieutenant Jonathan Finley of the Campbell County Sheriff's Department testified that, shortly before midnight on February 15, 2003, he noticed three individuals in a parked car at the Campbell County American Legion.  Finley approached the car after he observed the defendant reach "between the center console and the driver's seat . . . [in] an attempt to hide something."

        Finley testified that, while conducting a pat-down for weapons, he found a leather pouch containing razor blades and a metal tube in the defendant's rear pocket.  Finley then handcuffed the

defendant and began to search the parked vehicle. Finley recovered a small plastic bag of white powder from an area between the driver's seat and center console. The Tennessee Bureau of Investigation Crime Lab in Knoxville later determined the powder to be methamphetamine.

The defendant testified that his intention was to sell the "cocaine kit" found in his rear pocket. He denied any knowledge as to the existence of methamphetamine in the vehicle.

A jury for the Campbell County Criminal Court convicted the defendant for misdemeanor possession of methamphetamine and for misdemeanor possession of drug paraphernalia. At a sentencing hearing, he was fined and allowed to serve his sentences in concurrent split confinement with ninety days in jail and the remainder of the eleven-month twenty-nine-day sentence on probation.

## II. ANALYSIS

On appeal, the defendant claims that the trial court erred by refusing to impose alternative sentencing. He argues that jail overcrowding entitles him to full probation.

A challenge to the length, range, or manner of service of a sentence requires this Court to conduct a "de novo review . . . with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d) (2003). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The burden of showing the impropriety of a sentence is on the defendant. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments; Ashby, 823 S.W.2d at 169. In determining whether a defendant has overcome the burden, this Court considers the following: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102 -103, & -210 (2003); see Ashby, 823 S.W.2d at 168.

The trial court has great latitude to fashion a misdemeanor sentence. Tennessee Code Annotated section 40-35-302 governs misdemeanor sentencing. This section provides, in part, that the trial court shall impose a specific sentence that is consistent with the principles of the 1989 Sentencing Reform Act. Tenn. Code Ann § 40-35-302(b) (2003). Under the 1989 Sentencing Reform Act, a misdemeanant, unlike a felon, is not entitled to the presumption of minimum sentencing. See State v. Seaton, 914 S.W.2d 129, 133 (Tenn. Crim. App. 1995). For example, a misdemeanant seeking probation must establish that the probation serves both personal and public

interests.  State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997) (citing State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995)).

The trial court need only consider the principles of sentencing and enhancement and mitigating factors in order to comply with the legislative mandates of the misdemeanor sentencing statute.  State v. Troutman, 979 S.W.2d 271, 274 (Tenn. 1998).  In misdemeanor sentencing, a lack of specific findings within the record does not provide a sufficient basis to hold the trial court in error.  State v. Russell, 10 S.W.3d 270, 278 (Tenn. Crim. App. 1999), perm. app. denied (Tenn. 1999).

Before sentencing the defendant, the trial court stated:

> This Court is very troubled about the surge of methamphetamine and the apparent lackadaisicalness of those that engage in its use. . . . I heard what [the defendant] told the jury, that . . . he didn't know that it was there . . . .  I find [this] just very hard to believe.  In particular, having the pipes for the purpose of ingesting this particular drug into his body right there with him and [his] response there at the scene.  I don't think he was any particular trouble, but it was the, "[i]f I say the right things and do the right things, this will not trouble me."  This Court is not going to tolerate that.
> . . . .
> . . . Although the Court has wider latitude in sentencing in misdemeanor cases, this Court is going to run both 11/29's concurrent with one another, but the Court is going to impose a split confinement of 90 days on these charges, and that 90 days will begin 30 days from today.  Also, when the 90 days is complete, this Court is going to place [the defendant] on ETHRA supervision for the purpose of drug testing.  That will be done one day per week.  And we will then see what type of problem that we are dealing with here.

This Court recognizes the discretion of a trial court to fashion a misdemeanor sentence.  A trial judge, who observes first hand the defendant's testimony, should have the freedom to arrive at the appropriate sentence.

In the instant case, the trial court noted the seriousness of the offense and judged the defendant's credibility.  It also noted the capacity of the Campbell County Jail.  Nevertheless, the trial court found split confinement to be appropriate.  As stated, a misdemeanant is not entitled to a presumption of minimum sentencing.  The trial court determined that full probation would not serve the best interests of the defendant and the public.  This Court is without reason to disturb that decision.

## III.  CONCLUSION

Accordingly, we affirm the decision of the trial court.


_____
J.C. McLIN, JUDGE