IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 25, 2005

## STATE OF TENNESSEE v. TERRY L. TABOR

### Appeal from the Criminal Court for Sullivan County
No. S48,020    Phyllis H. Miller, Judge

### No. E2005-00024-CCA-R3-CD - Filed February 6, 2006

The Appellant, Terry L. Tabor, was convicted by a Sullivan County jury of driving under the influence ("DUI"), speeding, and failure to use headlights. As a result of Tabor's conviction for DUI, he received a sentence of eleven months and twenty-nine days, with six months service in confinement.[1] On appeal, Tabor raises two issues for our review: (1) whether the evidence is sufficient to support the conviction for DUI; and (2) whether the court erred in ordering him to serve six months in jail. After review, the judgment of conviction and resulting sentence are affirmed.

### Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Richard A. Tate, Assistant Public Defender, Blountville, Tennessee, for the Appellant, Terry L. Tabor.

Paul G. Summers, Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Ricky A. W. Curtis, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Factual Background

At approximately 6:00 p.m. on February 13, 2003, Officer Jamie Dunbar of the Sullivan County Sheriff's Department observed a blue Oldsmobile traveling on Highway 11-E, a four-lane highway, without the use of headlights even though it was dark enough that headlights were needed. Additionally, the vehicle also appeared to be traveling well above the posted speed. Dunbar clocked

---

[1] The Appellant does not challenge either his convictions or sentences for speeding or failure to use headlights, which were imposed concurrently with his sentence for DUI.

the vehicle using a hand-held radar gun and confirmed that the vehicle was traveling seventy-one miles per hour in a fifty-five mile per hour zone.

Dunbar pulled onto the highway and activated his blue lights and siren in an attempt to stop the Appellant's vehicle for the headlight and speeding infractions. The Appellant did not pull over immediately, rather he traveled eight-tenths of a mile prior to stopping his vehicle. Upon approaching the Appellant's vehicle, Dunbar asked the Appellant for identification, registration, and insurance information. During this initial encounter, Dunbar smelled "an odor of alcoholic beverage on [the Appellant's] breath," and the Appellant's speech was slurred. Dunbar then asked the Appellant to step outside the vehicle, and, upon his exit from the vehicle, the Appellant was unsteady on his feet and had to use the car to maintain his balance.

Based upon these observations, Dunbar requested that the Appellant perform several field sobriety tests. Due to the Appellant's inability to complete the field tests, the smell of alcohol on his breath, his slurred speech, and unsteadiness on his feet, Dunbar placed the Appellant under arrest for DUI. Following his arrest, the Appellant's car was inventoried, and officers found five empty beer cans. Additionally, a beer had been turned over under the driver's seat. The Appellant's passenger, Edward Daughtery, was taken by officers to a local store so that he could call for transportation.

The Appellant was transported to jail, where Dunbar requested that he submit to a breathalyzer test to determine his blood alcohol level. Dunbar read the Appellant the Implied Consent Form, but the Appellant refused to take the test or sign the form.

On May 10, 2004, the Appellant proceeded to trial upon the charges of: (1) DUI; (2) speeding; (3) failure to use headlights; and (4) DUI, second offense. The Appellant was convicted of the offenses as charged, and, at the bifurcated hearing, the State dismissed its notice for sentencing as a DUI second offender. A sentencing hearing was held on September 24, 2004, after which the trial court sentenced the Appellant to eleven months and twenty-nine days for the DUI conviction and ordered that six months be served in the county jail. Additionally, the court revoked the Appellant's driving privileges for one year and affirmed the jury's imposition of fines in the amount of $1500 for the DUI conviction and $50 for each of the other two convictions. The Appellant subsequently filed a motion for new trial, which the trial court denied. This appeal followed.

**Analysis**

## I. Sufficiency of the Evidence

First, the Appellant asserts that: (1) "the verdict of the jury was contrary to the law and to the evidence[;] (2) [t]he evidence in the record is insufficient as a matter of law to sustain the conviction for the offenses convicted[; and] (3) [t]he evidence in this trial preponderates against the guilt of the defendant and in favor of his innocence." Essentially, the Appellant is arguing that the evidence is

insufficient to support his conviction based upon the testimony given by both Edward Daughtery and the Appellant. We disagree.

In considering this issue, we apply the rule that where the sufficiency of the evidence is challenged, the relevant question for the reviewing court is "whether, after viewing the evidence in the light most favorable to the [State], *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *see also* Tenn. R. App. P. 13(e). Moreover, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. *State v. Pappas*, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). This court will not reweigh or reevaluate the evidence presented. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978).

"A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973). A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). These rules are applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

The Appellant was convicted of DUI in violation of Tennessee Code Annotated section 55-10-401(a)(1) (2003), which provides that:

> It is unlawful for any person to drive or be in physical control of any automobile . . . on any of the public roads and highways of the state, or on any streets or alleys, . . . while . . . : (1) [u]nder the influence of any intoxicant, marijuana, narcotic drug, or drug producing stimulating effects on the central nervous system[.]

The Appellant's argument regarding sufficiency of the evidence is essentially a challenge to the weight and credibility of witness testimony. Specifically, he argues that the verdict cannot be supported based upon both his own testimony and that of Edward Daughtery that the Appellant had not consumed any alcoholic beverages on the day of his arrest. However, all questions involving the credibility of witnesses, the weight and value to be given to the evidence, and all factual issues are resolved by the trier of fact. *Pappas*, 754 S.W.2d at 623. The jury viewed both the Appellant and Daughtery during the trial, heard their testimony, and observed their demeanor on the stand. It was the jury's prerogative to weigh the credibility of the witnesses and to resolve any conflicts in their testimony with that of Officer Dunbar's. This court will not reweigh or reevaluate the evidence presented. *Cabbage*, 571 S.W.2d at 835.

Our review reveals that, when viewed in the light most favorable to the State, the evidence was sufficient to permit a rational trier of fact to find the Appellant guilty of DUI beyond a reasonable doubt. After effectuating a legitimate stop based upon the Appellant's speed and failure to properly use his headlights, Dunbar detected an odor of alcohol from the Appellant and observed that his speech was slurred. Upon exiting the car, the Appellant had to utilize the car to maintain his balance. Additionally, he was unable to perform the field sobriety tests in a proper manner. Moreover, five empty beer cans were found in the car, and recently spilled beer was observed underneath the driver's seat. The jury was free to disregard the testimony of Daughtery that the beer cans belonged to him. Based upon the above evidence, as well as the Appellant's refusal to submit to a breathalyzer test, we conclude that the evidence was more than sufficient to support the conviction for DUI.

## II. Sentencing

Next, the Appellant asserts that the trial court erred in ordering the Appellant to serve six months of his sentence in the Sullivan County Jail. Specifically, he argues that "after applying the enhancing and mitigating factors applied by the court that the appropriate sentence [for DUI] should be eleven months twenty-nine days suspended on supervised probation except two (2) days." We disagree.

When an accused challenges the length, range, or manner of sentence, this court has a duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. T.C.A. § 40-35-401(d) (2003); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *Ashby*, 823 S.W.2d at 169. The burden is on the defendant to show the impropriety of the sentence. T.C.A. § 40-35-401(d), Sentencing Commission Comments.

DUI, first offense, for which the Appellant was sentenced,[2] is a class A misdemeanor. Misdemeanor sentencing is controlled by Tennessee Code Annotated section 40-35-302 (2003), which provides, in part, that the trial court shall impose a specific sentence consistent with the purposes and principles of the 1989 Criminal Sentencing Reform Act. *State v. Palmer*, 902 S.W.2d 391, 394 (Tenn. 1995). More flexibility is extended in misdemeanor sentencing than in felony sentencing. *State v. Troutman*, 979 S.W.2d 271, 273 (Tenn. 1998).

Our legislature has provided that a defendant convicted of first offense DUI "shall be confined . . . for not less than forty-eight hours nor more than eleven months and twenty-nine days." T.C.A. § 55-10-403(a)(1) (2003). The DUI statute "in effect, mandates a maximum sentence for

---

[2]The prosecutor dismissed its notice to seek enhancement punishment based on the Appellant's prior conviction for driving while impaired due to the incorrect belief that a driving while impaired conviction could not be used to enhance a subsequent sentence for DUI. For instructional purposes, we would note that a violation of Tennessee Code Annotated section 55-10-418 (repl'd July 1, 2003) may be used to enhance a sentence for DUI. *See* T.C.A. § 55-10-403(o).

DUI, with the only function of the trial court being to determine what period above the minimum period of incarceration established by statute, if any, is to be suspended." *State v. Combs*, 945 S.W.2d 770, 774 (Tenn. Crim. App. 1996).

Although otherwise entitled to the same considerations under the Sentencing Reform Act as a felon, the misdemeanor offender is not entitled to the presumption of a minimum sentence. *State v. Seaton*, 914 S.W.2d 129, 133 (Tenn. Crim. App. 1995) (citations omitted). Rather, in sentencing the misdemeanor defendant, the trial court shall fix a percentage of the sentence that the defendant must serve in confinement before being eligible for release into rehabilitative programs. T.C.A. § 40-35-302(d). The trial court shall consider the sentencing principles and enhancement and mitigating factors in determining the percentage to be served and "shall not impose such percentages arbitrarily." *Id.*; *see also Troutman*, 979 S.W.2d at 274. Additionally, a misdemeanor sentence, as opposed to a felony sentence, contains no sentencing range. Moreover, the trial court is not required to make explicit findings on the record, as a sentencing hearing is not mandatory. T.C.A. §40-35-302. Accordingly, in misdemeanor cases, the trial judge, who is able to observe firsthand the demeanor and responses of the defendant while testifying, must be granted discretion in arriving at the appropriate sentence.

In ordering the Appellant to serve six months in jail, the court applied two enhancement factors: (2) a previous history of criminal convictions or criminal behavior based upon the presence of fourteen prior convictions listed in the pre-sentence report, in addition to the Appellant's admitted drug usage; and (9) a lengthy previous history of unwillingness to comply with the conditions of a sentence involving release in the community, again based upon the information contained in the pre-sentence report. *See* T.C.A. § 40-35-114(2), (9) (2003). First, the trial court noted the Appellant's history of assault related offenses, including convictions for aggravated assault, numerous misdemeanor assaults, reckless endangerment, and vandalism. Additionally, the court found probative the Appellant's numerous drug convictions, traffic violations, including a prior driving while impaired conviction, and the Appellant's poor social and educational history. No mitigating factors were applied. The Appellant does not contest the application of enhancing factors (2) and (9), and we agree they were appropriately applied. Indeed, the Appellant presents no factual basis for his assertion that his sentence of incarceration is excessive.

After review, we find nothing in the record which leads us to disturb the trial court's decision regarding the Appellant's sentence. The facts indicate that the Appellant was operating a vehicle on a four-lane highway at a high rate of speed without the use of headlights while under the influence of alcohol. As the court noted, this is the Appellant's second traffic offense where the use of alcohol played a role. Additionally, the Appellant has a long and varied criminal history with past efforts of rehabilitation through non-incarcerative sentences obviously being unsuccessful. These findings are more than sufficient to support the imposition of six months incarceration. The Appellant has provided no proof to the contrary; thus, he has failed to carry the burden of establishing that his sentence is improper. Accordingly, we conclude that the trial court did not err in ordering the Appellant to serve six months of his sentence in confinement.

**CONCLUSION**

Based upon the foregoing, we affirm the Appellant's DUI conviction and resulting sentence.

_____

DAVID G. HAYES, JUDGE