IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 9, 2009

## STATE OF TENNESSEE v. RICHARD H. GREEN

**Direct Appeal from the Circuit Court for Warren County**
**No. M-10945     Larry B. Stanley, Jr., Judge**

**No. M2008-02308-CCA-R3-CD - Filed January 26, 2010**

The appellant, Richard H. Green, pled guilty to driving on a revoked license, second offense, a Class A misdemeanor. He was sentenced to 11 months and 29 days, with 120 days to serve in jail and the remainder of his sentence to be served on probation. On appeal, the appellant contends that the trial court erred when it ordered him to serve part of his sentence in confinement. After a through review of the evidence and the applicable law, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

L. Scott Grissom, McMinnville, Tennessee, for the appellant, Richard H. Green.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Lisa Zavogiannis, District Attorney General; and Darrel R. Julian, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Appellant was indicted by the Warren County Grand Jury for driving on a revoked license, second offense, a Class A misdemeanor, in violation of Tenn. Code Ann. § 55-50-504. Appellant pled guilty as charged.

The trial court held a sentencing hearing on September 10, 2008, at which time the presentence report was made a part of the record. The facts as gleaned from the transcript and presentence report indicate that the appellant was of the erroneous opinion that he had previously pled guilty and that his sentence had run concurrently with a prior driving on revoked license conviction where he received a 90 day sentence in 2006. According to statements made by trial counsel, the record revealed that appellant's case had been continued.

Trial counsel submitted to the court that appellant was 74 years of age and was experiencing medical problems which may not be adequately addressed while incarcerated. Further, counsel was of the opinion that appellant had been "behaving himself" and was unlikely to repeat any driving offenses in the future and therefore, his sentence should be suspended.

The trial court stated as follows:

The Court: What would be in Mr. Green's best interest is for him to quit breaking the law. In the last nine (9) years, he had a DUI in February. He had a DUI a week later. He had a DUI two (2) years later. I am sorry. It was causing an accident with a car. He had a DUI a year after that. He had a DUI six (6) months after that. He had a driving on revoked three (3) years after that. He had a driving on revoked eleven (11) months after that. He had a driving on revoked three (3) months after that. Mr. Green has absolutely no justification for doing this. He may have been confused. I am sure Mr. Green is the age that you say he is. Mr. Green, I don't care if you are a hundred. You just can't flaunt the law. Mr. Green, I don't know if you want to say anything or not, but you apparently just don't care. What am I supposed to do? Just let you out and you just go do whatever you want to do? You know you couldn't drive. You have had enough DUI's and driving on a revoked license charges to know that you couldn't drive a vehicle. Correct?

Mr. Green: That is right, Your Honor. Well, I do not drink any more. Since this last one which has been two (2) years. I haven't driven. I do not drink anymore.

In sentencing the appellant, the court further stated:

The Court: Mr. Green, I hope you are right. I hope you have changed. I hope you haven't driven and that you don't drink anymore. I want you to understand that when you violate the law and you knowingly do so, at this point in your life with the criminal history that you have got, you are going to have to pay for it. You are going to be sentenced eleven (11) months and twenty-nine (29) days in the Warren County Jail. You will serve one hundred and twenty (120) days of that sentence with the balance on probation.

The appellant does not argue with the imposition of the 11 month and 29 day sentence, but contends that the requirement of service of the 120 day jail sentence is not consistent with the purposes and principles of the 1989 Criminal Sentencing Reform Act, given the particular facts of this case. *See* Tenn. Code Ann. § 40-35-302(b).

## II. ANALYSIS

On appeal, the defendant claims that the trial court erred by refusing to impose alternative sentencing. He argues that imposition of service of 120 days is not consistent with the purposes of the 1989 Sentencing Reform Act given the facts of the case.

A challenge to the length, range, or manner of service of a sentence requires this Court to conduct a "de novo review . . . with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d) (2003). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The burden of showing the impropriety of a sentence is on the defendant. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments; Ashby, 823 S.W.2d at 169. In determining whether a defendant has overcome the burden, this Court considers the following: (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) any statutory mitigating or enhancement factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and (7) any statement made by the defendant regarding sentencing. Tenn. Code Ann. §§ 40-35-102 -103, 210; see Ashby, 823 S.W.2d at 168.

The trial court has great latitude to fashion a misdemeanor sentence. Tennessee Code Annotated section 40-35-302 governs misdemeanor sentencing. This section provides, in part, that the trial court shall impose a specific sentence that is consistent with the principles of the 1989 Sentencing Reform Act. Tenn. Code Ann § 40-35-302(b) (2003). Under the 1989 Sentencing Reform Act, a misdemeanant, unlike a felon, is not entitled to the presumption of minimum sentencing. See State v. Seaton, 914 S.W.2d 129, 133 (Tenn. Crim. App. 1995). For example, a misdemeanant seeking probation must establish that the probation serves both personal and public interests. State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997) (citing State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995)).

The trial court need only consider the principles of sentencing and enhancement and mitigating factors in order to comply with the legislative mandates of the misdemeanor sentencing statute. State v. Troutman, 979 S.W.2d 271, 274 (Tenn. 1998). In misdemeanor sentencing, a lack of specific findings within the record does not provide a sufficient basis to hold the trial court in error. State v. Russell, 10 S.W.3d 270, 278 (Tenn. Crim. App. 1999), perm. app. denied (Tenn. 1999).

Before sentencing the appellant, the trial court heard and took into consideration the age of the appellant and his medical condition. The Court further considered the appellant's driving

violations and history of non-compliance with previous court orders. Further the court considered what was in the appellant's best interest as well as the public's interest.

This Court recognizes the discretion of a trial court to fashion a misdemeanor sentence. A trial judge, who observes first hand the defendant's testimony, should have the freedom to arrive at the appropriate sentence.

In the instant case, the trial court noted the seriousness of the offense and judged the defendant's credibility. The trial court found split confinement to be appropriate. The trial court determined that full probation would not serve the best interests of the defendant and the public. This Court is without reason to disturb that decision.

### III. CONCLUSION

Accordingly, we affirm the decision of the trial court.

_____
J.C. McLIN, JUDGE